## MAYES *v.* GOLDSMITH ET AL.

PLEADING.—*Complaint.*—An averment in the complaint in an action on an account, that the defendant " is indebted," etc., in a certain sum, is equivalent to an averment that such amount is due and unpaid.

VENUE, CHANGE OF.—*Justice of the Peace.*—Where a change of venue is taken in a cause from one justice of the peace to another, of the same township, the latter may, in certain cases, on a change being taken from him, send the cause to a justice of the peace of another township.

SAME.—*Appearance.*—*Jurisdiction.*—Where a party to such action procures two or more changes of venue, he can not, after voluntarily appearing to such action, be heard to complain that one of such changes was improperly taken.

SAME.—*Supreme Court.*—*Record.*—*Presumption.*—Where, in such case, on appeal to the Supreme Court, the record does not disclose the ground upon which a change of venue was asked and granted, it will be presumed that the facts were such as to authorize such change.

From the Knox Circuit Court.

·H. S. *Cauthorn* and J. M. *Boyle,* for appellant.

*W. H. De Wolf* and *S. N. Chambers*, for appellees.

WORDEN, J.—Action by the appellees against the appellant, on an account, before a justice of the peace. Appeal to circuit court, where there was a trial by the court, resulting in a finding and judgment for the plaintiffs.

The action was commenced before Justice Coffman, of Vincennes township, and the complaint, after entitling the cause, was as follows:

"Samuel Goldsmith and Abraham Newburgh, plaintiffs, complain of John L. Mayes, defendant, and say, defendant is indebted to them in the sum of one hundred and twenty dollars and fifty cents, on an account of goods, wares and merchandise sold and delivered by the plaintiffs, partners under the name and style of Goldsmith & Newburgh, bill of particulars of which is herewith filed and made a part hereof, marked 'Exhibit A.' Wherefore plaintiffs ask judgment for one hundred and fifty dollars."

A bill of particulars accompanied the complaint.

On application of the defendant, the venue was changed, and the cause sent for trial before Justice Somes, of the same township. The parties appeared before Esquire Somes, and the defendant filed a demurrer to the complaint for want of sufficient facts, but it was overruled.

Again, on the application of the defendant, but upon what ground does not appear, the venue was changed, and the cause was sent for trial before Justice Humphreys, of Johnson township, in the same county. The record of Esquire Somes is silent as to the cause of sending the case out of his township for trial.

The parties appeared before Esquire Humphreys, and it seems that the defendant refiled a demurrer to the complaint for want of sufficient facts, but it was again overruled. The defendant applied for a continuance, and by agreement the cause was continued until August 9th, 1875, at which time the parties again appeared, and by agreement the cause was again continued until the 23d

of the same month, at which time the parties again appeared, and the defendant filed an answer of general denial, and a second paragraph, as follows:

"And, for further answer herein, the said defendant says, that this court has not legal jurisdiction to hear and determine this cause, for that, whereas this cause was originally instituted before one Joseph H. Coffman, a justice of the peace of Vincennes township, in said county, and a change of venue herein was taken from him, owing to his bias and prejudice, and the cause was sent for trial before Henry V. Somes, another justice of the peace of said township, and the venue herein again changed from said Somes, owing to his bias and prejudice, and the cause, by said Somes, sent, without authority of law, without said township, before Uriah Humphreys, a justice of the peace of Johnson township, without his transcript showing the necessity for changing the venue from Vincennes township, where the defendant resides, and where the action was originally brought, when in truth and in fact there was another justice in said township of Vincennes, as well as the mayor of the city of Vincennes, who had jurisdiction and authority to hear and determine this cause. Wherefore," etc.

This paragraph was duly verified, but a demurrer to it for want of facts was sustained by the justice.

On trial before the justice, there was judgment for the plaintiffs. On the appeal of the cause to the circuit court, the defendant again filed a demurrer to the complaint for want of sufficient facts, but it was overruled, and exception taken. We think there was no error in this ruling. It is objected to the complaint that it does not appear therefrom that the amount claimed was due, that is, that the demand was a matured one. The language of the complaint is, that the defendant "is indebted," etc. We think this implies a present indebtedness; in other words, that the claim was mature.

The defendant then moved to dismiss the action for

want of jurisdiction in the justice from whom the appeal was taken, but this motion was overruled, and the defendant excepted. In this also, we think the court committed no error. The defendant cannot be heard to complain that he himself procured two changes of venue. The statute permitted Justice Somes, on a change of venue being taken from him, to send the case out of his township in certain cases. 2 R. S. 1876, pp. 611, 612, secs. 27, 28. As before stated, the transcript of Esquire Somes does not show the ground upon which the change was taken from him, or that upon which he sent the case out of his township, to Esquire Humphreys; and we may presume, in the absence of any thing appearing to the contrary, that the facts were such as authorized the justice to send the case out of the township. Besides this, the defendant fully recognized the jurisdiction of Esquire Humphreys over his person, by appearing before him to the action, demurring to the complaint, and obtaining a continuance of the cause, before making any question as to the jurisdiction of the justice. The justice had jurisdiction of the subject-matter, an indebtedness on account, and the appearance by the defendant to the action and taking steps in defence, without objection, were a consent to his jurisdiction over the person of the defendant, even if it had not been otherwise acquired. After this, the defendant cannot be heard to say that the justice had no jurisdiction over his person. *Nesbit* v. *Long,* 37 Ind. 300, and cases there cited; *Shirts* v. *Irons,* 47 Ind. 445.

The plaintiffs, in the circuit court, refiled their demurrer to the second paragraph of answer, above set out, and it was sustained, and the defendant excepted.

In this ruling there was no error. The record shows, that, before filing the paragraph, the defendant had appeared to the action and submitted to the jurisdiction of the justice, and he could not afterward controvert it. *Nesbit* v. *Long, supra; Collins* v. *Nichols,* 7 Ind. 407.

What we have said disposes of all the questions arising in the record.

The judgment below is affirmed, with costs and ten per cent. damages.