Cleaveland *v.* Vajen.

No. 7979.

CLEAVELAND *v.* VAJEN.

PRACTICE.—*Defect of Parties.*—*Demurrer.*—*Plea in Abatement.*—*New Trial.*
—That there is a defect of parties is not cause for a new trial, but
the question should be raised by demurrer or plea in abatement.

SAME.—*Superior Court.*—*Appeal.*—*Waiver.*—A defendant appealing and
assigning as errors, at general term of a superior court, that the plain-
tiff was not the proper party, and that his petition does not state facts
sufficient to constitute a cause of action, but not having at special term
demurred or moved that the complaint be made more specific, must be
deemed to have waived the errors specified.

SAME.—*Pleading.*—*Defective Complaint Cured by Verdict.*—A complaint,
defective in not alleging a refusal of the proper party to bring the
action, if not demurred to, is cured by a verdict in favor of a plaintiff
having a beneficial personal interest.

SAME.—*Evidence.*—*Appeal.*—Unless all the evidence is in the record, ques-
tions involving its sufficiency to sustain a finding can not be consid-
ered on appeal.

From the Marion Superior Court.

*C. P. Jacobs*, for appellant.

WOODS, J.—On the 19th day of April, 1876, the appel-
lant, Cleaveland, brought his verified complaint against John
H. Vajen and J. H. Baldwin, and procured, in the court
below, the appointment of a receiver. Afterward, in Febru-
ary, 1877, Cleaveland filed in said cause his petition, wherein
he alleged, "That, by the decree of the court hereinbefore
rendered, the said defendant Vajen. was required and ordered
to turn over to the receiver appointed herein, all moneys
received by him, Vajen, since October 10th, 1876 ; that, by
the report of the receiver herein, filed January 31st, 1877,
it appears that the said receiver made a demand upon said
Vajen for said moneys so ordered by the court to be turned
over by him, but that said Vajen wholly fails and refuses so
to do ; that said Vajen has filed a petition setting forth a
claim to the said moneys so received by him since Octo-
ber 10th, 1876, to replace moneys advanced by him, etc.,

but plaintiff submits that these matters were all determined by the said decree of the court herein, and that said Vajen should be required to obey the said order of the court * * or be cited to appear and answer as for contempt; * * that, by the decree of the court aforesaid, said Vajen was required to account to the receiver for all discounts made by him, not credited to the account of said partnership; that the receiver's report, filed herein, states that, according to the books and accounts, said Vajen has accounted for all of said discounts, but plaintiff submits and avers that such is not the fact; that said Vajen has never entered upon the books of said partnership large sums of discounts and profits made by him, in discounting and purchasing the notes given for the purchase-money of said land, and plaintiff prays a discovery as to this matter, and that the court will enquire into the same, allow witnesses to be subpœnaed to testify," etc.

Without demurring, Vajen filed an answer of general denial to this petition, and, upon a trial had, the court found that Vajen had received credit for $3,160.19, "over and above the true amount actually due herein upon and for the purchase and payment of five of the notes given for the purchase-money of the Springdale lands, to Abner Pope, and that, in making settlement, he, Vajen, ought to be charged with said sum in addition to what he has been charged with." Upon this finding the court gave judgment, which, on appeal to the general term, was reversed.

The errors assigned at the general term were:

*First.* The overruling of the motion to modify the decree;

*Second.* The overruling of the motion for a new trial;

*Third.* The compelling of the appellant to account for money saved in paying off his own notes, with his own money;

*Fourth.* The petition does not state facts sufficient to constitute a cause of action;

*Fifth.* The receiver, not the appellee, was the proper party plaintiff.

By not demurring to the complaint, nor moving that it be made more specific, the appellee should be deemed to have waived the matters alleged in the fourth and fifth specifications of error. Conceding, without deciding, that the action should have been brought by the receiver, it is clear that Cleaveland had a beneficial personal interest, and, in case of the neglect and refusal of the receiver to move in the premises, might himself bring the action. It is averred that the receiver had made a report favorable to the appellee in reference to the subject of the dispute, and, this being so, if the complaint be defective in not alleging a refusal of the receiver to bring the action, the verdict must be held to cure the defect. See *The Indianapolis, etc., R. R. Co.* v. *McCaffery,* 72 Ind. 294, and cases cited.

The theory of the petition seems to be that the court had already adjudged between the parties as to their respective rights in and to the moneys and discounts mentioned in the petition, and, this being so, it was probably unnecessary that a copy of the agreement between the parties, which is set out in the evidence, should have been made a part of the petition. Indeed, supposing that these rights had already been adjudged, we do not perceive why the question of the construction of that agreement was regarded open, as it seems to have been, at the hearing. However, we are not called on to decide anything in reference to this aspect of the case.

The motion to modify the decree does not appear in the record, but the omission seems to be immaterial, as it is evident that the general term did not act upon it.

The third assignment is embraced in the second, which is upon the overruling of the motion for a new trial. The causes alleged for a new trial are, that the finding and judg-

Cleaveland v. Vajen.

ment are contrary to the law and the evidence, and not supported by sufficient evidence; the refusal of the court to modify the decree; that the court erred in making an order when Baldwin was not a party to the proceedings; that under the contract between Vajen and Pyle, assigned by Pyle to Cleaveland, Vajen and Cleaveland were not partners, and therefore Vajen is not liable for the so-called discounts, made upon the payment of his own notes with his own money; that the damages are excessive.

That Baldwin was not a party is no cause for a new trial. The question should have been raised by demurrer, or by a plea in abatement. The other causes all depend upon the construction of the contract between the partners, and involve a consideration of the evidence.

The record, however, does not contain all the evidence. The bill of exceptions contains the following statement: "Which was all the evidence given in the cause, except as hereinafter set forth. The original pleadings and proceedings in this cause were put and read in evidence. It was agreed * * that the evidence taken by Mr. Anderson should be considered in evidence, the same being on file in this court, and was all the evidence given on the trial when the receiver was appointed. (Here insert.)"

The evidence here referred to, and the original pleadings and proceedings, are not in this record. In their absence, it is clear that the merits of the appeal can not be ascertained and decided.

The judgment of the general term, reversing the judgment rendered at the special term, is affirmed.