No. 10,306.

DUBOIS v. JOHNSON.

SUPERIOR COURTS.— *Appeals from General Term.*—*Judgments of Reversal.*— Under the provisions of section 1362, R. S. 1881, appeals will lie to the Supreme Court from judgments of superior courts in general term, reversing or modifying judgments at special term, by any party who has had judgment in his favor at special term.

From the Marion Superior Court.

*W. W. Herod* and *F. Winter,* for appellant.

*G. K. Perrin, R. N. Lamb* and *S. M. Shepard,* for appellee.

HOWK, J.—This was a suit by the appellee against the appellant, to obtain a modification of a decree of divorce, rendered by the court below on the 6th day of October, 1880, in favor of appellee and against appellant, in so far as such decree awarded the care and custody of Orra Ann Johnson, the minor child of the parties, to the appellant. To the appellee's petition for such modification of the decree, the appellant answered by a general denial. She also filed a cross petition, wherein she asked for a modification of the decree of divorce, in so far as it awarded the care and custody of William Artemas Johnson, the minor son of the parties, to the appellee. The matters arising under the petition and cross petition were submitted to the court for trial and hearing, and a finding was made against the appellee upon his petition, refusing to modify the decree of divorce as prayed for therein, and against the appellant upon her cross petition, refusing the modification of the decree as demanded by her therein. Judgment was rendered by the court, at special term, in accordance with its findings, and that the appellant recover of the appellee the costs of suit.

From this judgment the appellee appealed to the court below in general term, where the judgment of the court, at special term, was in all things reversed, and the cause was remanded to the special term, with instructions to grant a new trial, and

for further proceedings. From this judgment of reversal, the appellant prayed an appeal to the Supreme Court, which was granted, and, on the 23d day of June, 1882, she filed in the office of the clerk of this court a certified transcript of the record of this cause, with her assignment of error endorsed therein.

The appellee has filed in this court his motion in writing to dismiss the appeal in this case, for the following reasons, to wit:

" The judgment of the superior court, in general term, reversing the judgment of said court at special term, and granting a new trial in said cause, was not a final judgment, from which an appeal can be prosecuted to the Supreme Court of the State, and the Supreme Court has no jurisdiction to hear and determine this appeal. Wherefore appellee prays that this appeal may be dismissed, and the cause remanded to the Marion Superior Court, with an order to re-docket the cause for trial in the special term of the court, and for all proper relief."

We are of the opinion that this motion is not well taken, and must be overruled. In section 1362, R. S. 1881, it is provided as follows: "Any party may appeal to the Supreme Court from the order or judgment of general term, in any case where, by existing or future laws of this State, an appeal may be had from an order or judgment of the circuit court; and also when a party has had a judgment in his favor in a special term, and it is reversed or modified by the general term, upon appeal to it. The appeal from the general term to the Supreme Court shall be regulated by the law regulating appeals from the circuit court to the Supreme Court, so far as applicable. An appeal may also be taken to the Supreme Court in the same manner and in like cases as from circuit courts, or the judge thereof, when, on account of the incompetency of some of the judges, an appeal can not be taken to general term."

The first two sentences of this section, closing with the word

"applicable," are a literal copy of section 27 of the act of February 15th, 1871, " to establish superior courts, defining their jurisdiction," etc., in every particular, except as to punctuation. Throughout section 27 (2 R. S. 1876, p. 27), no punctuation marks are to be found, except the comma. It may well be supposed, that it was this faulty punctuation, which led Judge Buskirk, in his carefully prepared " Practice on Appeals" to this court, to give the following construction on the provisions of section 27 : " When the judgment pronounced by the general term results in a new trial, the cause must be remanded to the special term for another trial; but when the judgment is final, and puts an end to the case, an appeal may be had to the Supreme Court." Busk. Prac., p. 135. This construction of the language used seems to us to be erroneous, in so far as it may be construed to mean that appeals will not lie to this court from judgments of the general term reversing or modifying the judgments rendered at special term. Certainly, as the language used is now punctuated, in section 1362, above quoted, it is not fairly susceptible, we think, of any such construction. It will be observed, that the first sentence of the section quoted, expressly provides for appeals to the Supreme Court, from the judgments of general term, in two classes of cases : *First.* Appeals from judgments of affirmance of the judgments at special term, or final judgments, by any party to the record; and, *Second.* Appeals from judgments of general term, reversing or modifying the judgments in special term, by any party who has had judgment in his favor in special term.

In the case at bar, the appeal of the appellant, who had in her favor the judgment in special term, which was in all things reversed by the general term, comes under the second of the two classes of cases, in which appeals will lie from the judgments of the general term to the Supreme Court, and is expressly authorized by the statute.

The point now decided does not seem to have been considered or passed upon by this court in any previous case; but,

in many cases, appeals from the judgments of general term, reversing judgments at special term, have been entertained, considered and decided by this court, but without considera-tion or decision of the question now decided. *Irwin* v. *Smith*, 72 Ind. 482; *Cleaveland* v. *Vajen*, 76 Ind. 146; *The Pittsburgh, etc., R. W. Co.* v. *Yundt*, 78 Ind. 373; *Richardson* v. *The Eagle Machine Works*, 78 Ind. 422.

It will be observed, that the last sentence of section 1362, *supra*, is a new provision, and is not found in section 27 of the act of February 15th, 1871, *supra*. It was apparently in-tended to provide, in the class of cases mentioned in that sen-tence, for a direct appeal from judgments in special term to the Supreme Court. The provision is not applicable to the case now before us, and is not considered.

The motion to dismiss this appeal is overruled, at the ap-pellee's costs.