No. 9644.

HESHION v. JULIAN ET AL.

PLEADING.—*Debt Due and Unpaid.—Defective Complaint Cured by Verdict.*— Where the complaint alleges that, on a certain day, the defendant became and was indebted to the plaintiff in a certain sum, which he then promised to pay, but had since failed and wholly refused so to do, and no demurrer is filed to the complaint, and its sufficiency is questioned for the first time by an assignment of error, it will be held that the defects in the complaint were cured by the verdict.

PARTNERSHIP.—*Practice of Law.—Construction of Contract.*—Where it appeared that one L. had entered into a written contract with the law firm of J. & J., wherein they agreed to attend faithfully and skilfully to such legal business as L., by his acquaintance and popularity, and by the use of their names, could get up and turn into their hands, and to charge for such business fair prices, and to collect and divide the fees therefor, one-third to L., and two-thirds to J. & J.

*Held,* that J. & J. and L. did not, under the contract, become co-partners in the general practice of the law, but only in such legal business as L. might get up and turn over to J. & J.

PLEADING.—*Harmless Error.—Supreme Court.*—Where the trial court has erred in sustaining a demurrer to a paragraph of answer, and it appears that all the matters alleged therein could have been given in evidence under another paragraph on which issue was joined, the Supreme Court will regard the error as harmless, and will not reverse the judgment.

From the Hendricks Circuit Court.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellant.
*J. B. Julian* and *J. F. Julian,* for appellees.

HOWK, J.—This was a suit by the appellees against the appellant, upon an open account for legal services rendered by them for the appellant, as his attorneys. The cause was put at issue and tried by a jury, and a verdict was returned for the appellees, and judgment was rendered accordingly.

In this court, the appellant has assigned the following errors:

1. Appellees' complaint does not state facts sufficient to constitute a cause of action.

2. The circuit court erred in sustaining the appellees' demurrer to the fourth paragraph of the appellant's answer.

In their complaint, the appellees alleged in substance, that on June 1st, 1880, the appellant became and was indebted to the appellees in the sum of $275, for legal services on and before that date performed for him by them as his attorneys, at his instance and request, as by bill of particulars therewith filed and made part thereof, which said sum the appellant then and there promised to pay, but had ever since failed and wholly refused so to do ; wherefore, etc.

The only point made in argument by the appellant's counsel, against the sufficiency of appellees' complaint, is, that it does not show that the debt in suit was due when this action was commenced. This point would not have been well made, as it seems to us, even if it had been presented by a demurrer to the complaint, before trial and judgment; but even if the complaint were defective, on the ground suggested, the defect is one that might have been cured by the verdict. This suit was commenced on June 17th, 1880, and it was alleged in the complaint, that on and before June 1st, 1880, the appellant " became and was indebted," etc. We think this averment was sufficient to show an indebtedness then due. *Mayes* v. *Goldsmith*, 58 Ind. 94. The last allegation of the complaint showed with reasonable certainty that the debt in suit remained unpaid. *Higert* v. *Trustees of Ind. Asb. University*, 53 Ind. 326, and cases cited. The complaint stated facts sufficient to constitute a cause of action.

In the fourth paragraph of his answer, the appellant alleged, in substance, that, at the time the services sued for were rendered, the appellees and one Patrick C. Leary were partners in the practice of the law, having formed a partnership on May 26th, 1879; that the agreement of partnership was in the words and figures following to wit: " It is agreed between Julian and Julian, and Patrick C. Leary, that the said Julian and Julian are to attend professionally to all legal business of the said Leary, in the State of Indiana, and to do it skilfully and well, without any other compensation than as hereinafter stated; said Leary to pay all the cash expenses of travelling, boarding, etc., where it is necessary to go out of Marion county, and in connection with the business; and the said Leary is to get up such legal business as he, by means of his acquaintance and popularity, and by the use of the name of Julian and Julian, can get, and is to turn the same into the hands of Julian and Julian, who are to attend to the same faithfully and skilfully, and charge for the same fair prices, and collect and divide the same as follows, to wit: one-third

to said Leary and two-thirds to said Julian and Julian; said Leary is not only to get up such business as he can, but is to render such assistance as he can, in getting up testimony," etc. Signed and dated, May 26th, 1879.

And the appellant averred, that, as such partners, the appellees and said Leary performed the services sued for, and that said Leary, under and by virtue of the foregoing agreement, had a one-third interest in the cause of action, stated in appellees' complaint; wherefore the appellant said that said Leary was a necessary party plaintiff in this action.

This paragraph of answer was duly verified by the appellant.

We are of the opinion that the court committed no error in sustaining the appellees' demurrer to this fourth paragraph of answer. It is very clear, that the appellees and Leary did not, under or by force of their written agreement set out in said paragraph, become co-partners in the general practice of the law. By its terms, the agreement is expressly limited to the legal business of Leary in this State, and such legal business as he might get up and turn over to the appellees. All such business the appellees agreed that they would faithfully and skilfully attend to, charge fair prices therefor, and collect and divide with Leary the fees therefor in certain specified shares. The agreement did not give Leary any interest or share in the professional business of the appellees, except such as he got up and turned over to them, and, therefore, of itself, the agreement was not sufficient to show that the appellees and Leary were jointly interested in the account sued on in this action, or that Leary had any share or interest therein. In order to show that, under the agreement, Leary had any interest in the appellees' cause of action, the appellant ought to have alleged, in the fourth paragraph of his answer, that the legal services mentioned in the complaint were rendered by the appellees, either in and about the legal business of said Leary, in this State, or in and about legal business got up and turned over by Leary to the appellees. In the absence of

such allegations, it seems to us that the fourth paragraph of answer failed to show that Leary had any share or interest in the account in suit, or that he was a necessary party plaintiff in this action. *Macy* v. *Combs,* 15 Ind. 469 ; *Emmons* v. *Newman,* 38 Ind. 372.

Besides, the matters alleged in the fourth paragraph of answer could have been, and no doubt were, given in evidence under the third paragraph of answer, wherein the alleged partnership between the appellees and Leary, among other things, was pleaded in bar of this action. So that, even if the court had erred in sustaining the demurrer to the fourth paragraph of answer, the error would be harmless, and would not be available for the reversal of the judgment below.

The judgment is affirmed, with costs.