Gutperle v. Koehler, Administrator.

---

No. 9488.

GUTPERLE v. KOEHLER, ADMINISTRATOR.

SUPERIOR COURT.—*Exception.—General Term.—Appeal.—Practice.*—A ruling of the Superior Court of Marion county, at special term, made in obedience to a mandate of the general term, can not be excepted to. The remedy is to appeal to the Supreme Court from the decision at the general term.

---

Gutperle v. Koehler, Administrator.

---

SAME.—*Appeal from Superior to Supreme Court.*—On an appeal to the Supreme Court from a decision of the Superior Court, *reversing* the judgment of the special term, the record must show for what error or errors the judgment of the special term was reversed.

*Quære*, whether, on a second appeal in a case, any error can be considered which was committed before, and might have been assigned as error or cross error, on the first appeal.

From the Superior Court of Marion County.

*A. F. Denny*, for appellant.

*C. A. Dryer*, for appellee.

WOODS, J.—Action upon a promissory note made by the appellant to the appellee's intestate; answer in five paragraphs; demurrers sustained to the second and fifth, and overruled to the third and fourth, each party excepting; trial, finding and judgment for the appellee. Appeal to the general term; error assigned upon the ruling upon the demurrers to the second and fifth answers; no cross error assigned; judgment reversed, and, in accordance with the order made at the general term, the demurrers to the second and fifth answers were overruled, the appellee excepting. Reply in denial, and upon a re-trial of the cause, finding and judgment for the defendant; appeal by the plaintff to the general term, and error assigned upon the overruling of the demurrers to the second, third, fourth and fifth paragraphs of answer respectively, and upon the overruling of the motion of the plaintiff for a new trial; judgment reversed and cause remanded " for further proceedings in accordance with the opinion " of the court in general term. From this judgment of reversal the appeal to this court is prosecuted.

The opinion delivered at the general term of the superior court is not found in the transcript, having been omitted, it seems, by direction of the appellant, and, consequently, it does not appear for what reason the judgment was reversed.

The brief of counsel for the appellant is confined entirely to the consideration of the questions involved in the rulings upon the demurrers to the second and fifth paragraphs of the answer.

We are of opinion that the question is not before us. As the record is made up, it is not apparent that the court at general term considered that the ruling at the special term, in respect to these paragraphs of answer, was erroneous. For all that is shown, the judgment may have been reversed because of errors at the trial as specified in the motion for a new trial, or because the evidence was deemed insufficient to support the finding—subjects which are not discussed by counsel of either side.

It may well be doubted, indeed, whether, on the second appeal, there was before the court in general term any question except those involved in the ruling upon the motion for a new trial. It had been decided on the first appeal that the second and fifth paragraphs of answer were good, and the judgment reversed on account of the contrary ruling at special term. If the plaintiff was not content with that decision, she should have appealed from it to this court. That such an appeal could have been taken has been recognized in many cases, and was recently decided in the case of *Dubois* v. *Johnson*, 81 Ind. 520. It was certainly not competent for her, on the return of the case to the special term, to save an exception to the ruling then and there made in obedience to the mandate of the court in general term. Sound policy and consistency of practice alike seem to require that when on an appeal to the general term, a ruling has been made in reference to the pleadings, or upon any point affecting the subsequent conduct and disposition of the case, such ruling, unless appealed from, should thereafter be deemed unquestionable, as *res adjudicata.*

Upon the same or similar considerations of policy, it ought perhaps to be held that, on a second appeal in a case, no question should be permitted to be raised in reference to any ruling, which might just as well have been presented and put at rest upon the first appeal. So it seems to have been held in *Walker* v. *Walker*, 7 Ark. 542. See, also, *Sibbald* v. *United States*, 12 Pet. 488. Just as a party is required to

state his objections and save an exception to an adverse ruling at the time it is made, so he ought, perhaps, at the first opportunity, to seek a correction of the error; and if, notwithstanding the ruling against him, he obtain a favorable judgment, from which the other party appeals, he should assign his cross error, and, failing so to do, should be deemed to have waived his exception. The manifest reason for this is that otherwise he might protract the litigation to any length, and at the end escape a disastrous result by resorting to an error which might have been corrected on the first appeal, and which, if corrected, would have brought the litigation to a speedy end.

We do not, however, find it necessary to decide upon these questions of practice. If the suggestions made are right, it follows that on the second appeal to the general term there was properly before the court no question in reference to any of the rulings upon the demurrers to the answers, and, the record not showing the contrary, it would be presumed that the court did not undertake to consider subjects not before it, and consequently must have reversed the judgment for some of the causes embraced in the motion for a new trial. But, for the purpose of deciding this case, it is enough that the record does not show upon what ground the judgment of reversal was based. While it is a sufficient assignment of error, in this court, that the superior court at general term erred in affirming or in reversing a judgment, yet the record must be so made up as to bring before this court the points decided by that court. By the terms of the statute, R. S. 1881, section 1360, the court at general term " shall, if the judgment of the special term be not affirmed, enter of record the error or errors found therein, and remand said cause to the special term, with instructions as to said error or errors." As this appeal comes up on a record which does not show " the error or errors found " in the judgment, the decision can not be reversed.

Judgment affirmed.