No. 9492.

## BUNTIN v. PRITCHETT, ADMINISTRATOR.

CONVERSION.—*Promissory Note.*—*Complaint.*—*Demand.*—*Parol Trust.*—*Deed.* —*Exhibit.*—A mother contracted with a stranger for the sale of land at an agreed price.   This contract she gave by delivery to her three sons, A., B. and C., and at the same time conveyed the land to A. in trust, to be conveyed to the purchaser, which was done, and a note taken in A.'s name (but really for the three) for a part of the purchase-money.   B. sold

his interest in the note, without endorsement, to C., while A. yet had possession of it. A. then transferred the note to D., who knew the facts, and who collected it and used the money. Suit by C. against A. and D. to recover for the conversion.

*Held,* that no demand need be averred; that A. held the note upon a trust which was valid though not in writing, and that the complaint of C., alleging the foregoing facts. was good on demurrer.

*Held,* also, that the deed was not a necessary part of the complaint.

*Held,* also, that, upon the facts stated, the plaintiff could recover two-thirds of the money collected by the defendant D., with six per cent. per annum until the trial.

SAME.— *Variance.*—*Amendment.*—In a suit for the conversion of a note, a variance as to the date and amount of the note may be amended at the trial.

From the Knox Circuit Court.

*G. G. Reily, W. C. Johnson, W. C. Niblack, F. W. Viehe* and *R. G. Evans,* for appellant.

*O. F. Baker,* for appellee.

FRANKLIN, C.—Robert B. Whittlesey, appellee's intestate, sued Francis V. Whittlesey, Henry S. Whittlesey and Touissant C. Buntin, for the conversion of two-thirds of a promissory note for $1,000. A demurrer was overruled to the complaint. Trial by jury, and a verdict for the plaintiff against Buntin for $752; and, over a motion for new trial, judgment was rendered upon the verdict.

The errors complained of are the overruling of the demurrer to the complaint, and the overruling of the motion for a new trial.

The complaint is long and need not be copied; it substantially avers that on the 1st day of January, 1875, one Elizabeth Whittlesey was the owner of a chose in action, in the form of a written contract between one Joseph A. Dougherty and herself, by the terms of which Dougherty was to pay to her, or her assigns, $3,000, for which she, or her assigns, was to convey to him certain described real estate; that said Elizabeth, as a gift, assigned by parol this chose in action to her three sons, Robert B., the plaintiff herein, Francis V. and Henry S., two of the defendants herein, and, with the

consent of all, delivered it to Francis for their joint use; she also contemporaneously deeded the real estate to said Francis in trust to enable her said assignees to have the land conveyed to Dougherty upon the maturity of the contract; afterwards her assignees, through Francis, conveyed to Dougherty and received upon the contract from Dougherty, among other things, a note for $1,000, payable upon its face to Francis, but in fact the joint property of said Robert, Francis and Henry; the other two $1,000 payments had previously been received by said Francis, and the money divided between the three as provided for in the gift from Elizabeth; Henry then, for a valuable consideration, sold and assigned, without endorsement, his one-third interest in said note to the plaintiff. Appellant, Buntin, afterwards, with a full knowledge of all the facts, procured said note by said Francis to be transferred to him, collected the money, and converted the full amount thereof to his own use. He collected the money upon a judgment rendered in his favor in the Knox Circuit Court, December 21st, 1878. This suit was commenced May 21st, 1880.

The objection to this complaint is that it is an effort, by parol, to engraft a trust upon a deed for real estate, without the deed's having any reference to the trust, and without the deed being made a part of the complaint.

We do not think the complaint shows an effort to establish a trust in lands by parol, which is prohibited by our statute concerning trusts and powers. 1 R. S. 1876, p. 915.

This statute does not prohibit the creation of trusts in personalty, by parol; that power still exists. This complaint does not seek to follow the land, fasten a trust upon it, or in any manner interfere with the land; it only seeks to recover for the conversion of a promissory note, which had, by express agreement, been placed in the hands of defendant Francis V. for the use in part of the plaintiff, alleging that the defendant Francis V. had converted the note to his own use by transferring it to defendant Buntin; that Buntin had collected and

appropriated the proceeds thereof to his own use; and that defendant Henry had transferred without endorsement his interest in the note to the plaintiff. It was not necessary to make the deed a part of the complaint; it placed the title in Francis in trust for Dougherty, in order to fully enable Francis to carry out the arrangement of the donor in dividing the proceeds of the land among those to whom the chose in action had been given.

The complaint expressly charged a conversion of the note, and it was not necessary to allege a demand for the money. *Bunger* v. *Roddy*, 70 Ind. 26, and authorities therein cited.

We think the complaint states facts sufficient to constitute a good cause of action, and there was no error in overruling the demurrer to it.

The next error assigned calls in question the ruling of the court below upon appellant's motion for a new trial.

Under this error it is insisted that the evidence does not support the verdict, for the reason that it does not prove that there was any conversion of the note, or any demand made for the money. Where a conversion is charged, a demand need not be averred, and, if the conversion is proven, no demand before bringing suit need be proven.

The question then arises, does the evidence prove a conversion? The transfer of the entire note by Francis V. to Buntin, he having a full knowledge of all the facts, was a conversion of plaintiff's interest therein, and rendered them liable to the plaintiff for the value of his said interest.

The defendant Henry was made a party to answer as to his interest, and was defaulted. The plaintiff, Robert B., departed this life after the judgment was rendered and before the motion for a new trial was filed, and appellee, Pritchett, was appointed as his administrator, and substituted as plaintiff in the case. Buntin was the uncle of the three brothers, and the evidence shows that he was conversant with all the facts. The judgment is against him alone, and he appeals to this court.

Buntin v. Pritchett, Administrator.

We think the evidence supports the verdict of the jury, and that the verdict is not contrary to law.

It is also insisted as a reason for a new trial, that the damages assessed are excessive.

Appellant collected the judgment against Dougherty, rendered December 21st, 1878, for $998.30.

Two-thirds of which was . . . . . . . . $665.53

Interest on that, at six per cent., to December 3d, 1880, time of the trial of this case, 77.81

Making amount due plaintiff . . . . . . . $743.34
Amount of verdict . . . . . . . . . . 752.00
The plaintiff remitted . . . . . . . . . 11.00

And the judgment stood for . . . . . . . . $741.34

We do not see wherein this is excessive; the evidence does not show that appellant was entitled to any credits.

Appellant, in the conclusion of his brief, presents as an objection to the sufficiency of the evidence, that the note transferred to Buntin was for only $925, instead of $1,000, and was dated April 24th, 1876, instead of March 25th, 1875. That is true of the note on which Buntin took his judgment against Dougherty. But the evidence shows that the parties changed the note after the death of the donor, and Francis took a new note for a less sum by $75 than the old one. How this difference was arranged is not shown by the evidence. And that Buntin took his judgment upon the new note and not the old one. The judgment was for a less sum than the old note would have amounted to. If a variance, it was one that might have been cured by amendment. It worked appellant no injury, and does not furnish him with any good reason for complaint. There was no error in overruling the motion for a new trial.

We think the case was fairly tried and a just result reached. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing

opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Opinion filed at the May term, 1882.

Petition for a rehearing overruled at the November term, 1882.