McWhinney v. Briggs.

---

No. 9996.

McWHINNEY *v.* BRIGGS.

SUPERIOR COURT.—*Appeal.—Transcript.*—Where a Superior Court in general term reverses a judgment at special term, an appeal from the judgment of reversal to the Supreme Court will present no question when the transcript is so made up that it does not show the errors found by the general term, nor the directions given to the special term.

From the Superior Court of Marion County.

*J. T. Lecklider,* for appellant.

*D. V. Burns* and *C. S. Denny,* for appellee.

FRANKLIN, C.—Appellant sued appellee, in the Marion Superior Court, to quiet the title to, and recover the possession of, certain real estate claimed by appellant by virtue of a tax title. The defendant was a non-resident minor; service was had by publication; a guardian *ad litem* was appointed; upon issue formed upon the guardian's answer, a trial was had before the court, and a finding for the plaintiff that his tax title was invalid, but that the plaintiff was entitled to recover all the taxes he had paid, charges and interest, and that they should be declared a first lien upon the real estate for their payment; and, over a motion by the guardian *ad litem* for a new trial, judgment was rendered for the plaintiff for the sum of $622.33, and that the same be declared a lien upon the said real estate, that the equity of redemption in and to said real estate be foreclosed, and that said lands be sold for the payment thereof. On the 3d day of March, 1881, on motion of defend-

ant, a new trial as a matter of right, under the statute, was granted, defendant having paid all the costs. Whereupon the guardian *ad litem* filed an amended answer in two paragraphs. A demurrer was overruled to the second paragraph of the answer, and a reply in denial filed. The cause was again submitted to the court for trial, and on the 28th day of November, 1881, the court again found for the plaintiff in a similar way to former finding, adding in the interest, charges, etc., and, over a motion for a new trial, rendered judgment for $715.84, declared a lien therefor, foreclosed the equity of redemption, and decreed the land to be sold. The plaintiff moved the court to change and modify the judgment and decree, which was overruled. The defendant excepted to the judgment and decree and appealed to the general term of the superior court, each party filing a bill of exceptions. The defendant, in the general term, assigned as error the overruling of his motion for a new trial; and the plaintiff assigned as errors the overruling of his demurrer to the second paragraph of the defendant's answer, and the overruling of his motion to modify the judgment and decree. The record then contains the following entry, made on the 6th day of February, 1882 : " Come now the parties by their attorneys, and the court, being fully advised in the premises, gives the following judgment in reversal, the opinion being pronounced by the Hon. Daniel W. Howe, Judge, in the words and figures, to wit : " (Opinion omitted by direction of appellant's attorney.)  * * *  " It is therefore considered and adjudged by the court that the judgment rendered in this cause at special term be and the same hereby is in all things reversed, and the cause remanded to special term for further proceedings in accordance with the foregoing opinion."

Whereupon appellant, who was appellee in general term below, appealed to this court, and has assigned the following errors :

1st. The court in general term erred in reversing the judgment of the court in special term.

2d. The court also erred in rendering judgment against appellant, appellee below, for costs.

3d. The court also erred in not modifying decree as asked in special term below.

The last alleged error is not a proper specification in this court; it might have been assigned in the general term of the superior court, but can not in this.

We see nothing in the second alleged error; costs upon the reversal of a judgment would naturally follow against appellee, unless some good cause to the contrary was shown.

The first specification of errors filed in this court is properly assigned; but the record is not in a condition to make it available. The last clause of the 1360th section of the R. S. of 1881, providing for appeals from the special term to the general term of the superior court, provides, that " It shall, if the judgment of the special term be not affirmed, enter of record the error or errors found therein, and remand said cause to the special term, with instructions as to said error or errors; and the special term shall carry into effect the instructions of the general term."

In this case the general term reversed the judgment of the special term; but the opinion reversing it is not in the record, nor does the record show what error or errors were found by the general term in the proceedings of the special term, nor what instructions the general term gave to the special term for the correction of the errors found, other than as contained in the opinion omitted in the record. From the record we can not tell whether the judgment was reversed upon the error assigned by appellant, or the errors assigned by appellee below, or upon what error or errors. In the absence of any information by the record upon these questions, the presumption is that the court in general term did right.

In the case of *Gutperle* v. *Koehler*, 84 Ind. 237, the following language is used: " The opinion delivered at the general term of the superior court is not found in the transcript, having been omitted, it seems, by direction of the appellant, and,

consequently, it does not appear for what reason the judgment was reversed.    *    *    *    *    *    *    *    *

"But, for the purpose of deciding this case, it is enough that the record does not show upon what ground the judgment of reversal was based.    While it is a sufficient assignment of error in this court, that the superior court at general term erred in affirming or in reversing a judgment, yet the record must be so made up as to bring before this court the points decided by that court."

That case, we think, is decisive of the one under consideration; and we think the record is not made up in this case so as to properly present the questions designed by the parties to be presented.    The record should either contain the opinion of the superior court in general term, or be so made up as to show the error or errors found, and the directions given to the superior court in special term as to the correction of the errors. Without the record showing either, this court can not determine what errors were found or how to direct their correction.

The judgment of the general term ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court in general term below be and it is in all things affirmed, with costs.