# SUPREME COURT OF JUDICATURE

### OF THE

# STATE OF INDIANA,

## AT INDIANAPOLIS, NOVEMBER TERM, 1883, IN THE SIXTY-EIGHTH YEAR OF THE STATE.

---

No. 8706.

TERRELL ET AL. *v.* BUTTERFIELD, EXECUTOR.

SUPERIOR COURT OF MARION COUNTY.—*General Term.—Appellate Jurisdiction.—Petition for Rehearing.*—The general term of the Superior.Court of Marion county is a court of appellate jurisdiction, and, as such, it may entertain and consider a petition or motion for a rehearing, filed during the term at which the cause was decided, and, during that or any subsequent term, it may sustain or overrule such petition or motion, and may grant or refuse such rehearing.

SAME.—*Opinion of General Term.—Appeal to Supreme Court.—Query.*—Will the opinion of the general term, on an appeal therefrom to the Supreme Court, constitute a proper part of the record, unless it is made so either by an order of the general term or by a bill of exceptions?

PLEADING.—*Common Law Counts.—Demurrer for Want of Facts.—Special Demurrer.—Motion.*—The common law count for money had and received, wherever it is applicable, is sufficient to withstand a general demurrer for the want of sufficient facts. Under the code, special demurrers are unknown; but, as a general rule, motions to make pleadings more certain and specific now reach objections which could only be taken advantage of under the common law by special demurrers.

PRINCIPAL AND AGENT. —*Demand. — Wrongful Conversion. — Evidence.* — Where the money of the principal, with his knowledge and consent, or by his direction, is paid to another person as his agent, the former can not, as a general rule, maintain an action against the latter for the re-

covery of such money until demand therefor has been made; but, if the evidence show a wrongful conversion of the money by the agent, or by him and another, proof of such prior demand is unnecessary.

JOINT CONVERSION.—*Joint Liability.*—*Evidence.*—Where the evidence shows the wrongful conversion of money or property by two or more persons, with knowledge of the facts, they will be jointly liable to the owner thereof for such conversion.

TESTIMONY OF CO-DEFENDANT.—*Instruction of Court.*—Where one of two defendants is permitted to testify solely as a witness for his co-defendant, there is no error in an instruction of the court directing the jury that they must not consider such testimony in determining the question of the joint liability of both defendants.

From the Superior Court of Marion county.

*W. Morrow, R. Hill* and *W. H. Martz,* for appellants.

*S. Claypool* and *W. A. Ketcham,* for appellee.

HOWK, C. J.—On the 24th of October, 1873, this suit was commenced by the appellee, John W. Butterfield, executor of the last will of John A. Coburn, deceased, as plaintiff, against Thomas B. McCarty and the appellant William H. H. Terrell, as defendants. The object of the suit was to recover from the defendants the sum of $10,000, with interest thereon since the 1st day of March, 1870, as so much money had and received by them, as the appellee averred, from Nathan Kimball, treasurer of State, for the State of Indiana, for the use of John A. Coburn, appellee's testator, in accordance with and by virtue of the specific appropriation act, for the year 1869. Afterwards, on the 13th day of October, 1875, the death of the defendant Thomas B. McCarty was suggested to the court, and the appellant Lavina C. McCarty, executrix of the last will of such decedent, was made a party defendant in his stead.

The cause was put at issue and tried by a jury, and a general verdict was returned for the appellee, in the sum of $4,-439.75, for which sum judgment was rendered at special term, in the ordinary form, in appellee's favor and against the appellant Terrell, and the same sum was allowed in favor of the appellee and against the estate of Thomas B. McCarty,

deceased, in the hands of his executrix, Lavina C. McCarty, to be administered. On appeal, the judgment and allowance were each affirmed by the court in general term. From the general term, Terrell and Mrs. McCarty have appealed to this court, and, by proper assignments of error here, each of them has brought before this court the errors assigned by him or her respectively, in the general term.

In their brief of this cause, the appellants' counsel say: "The first question, we desire to present, is the irregularity of the action of the general term in annulling its judgment, reversing the judgment of the special term." We are met *in limine*, therefore, with the following question: What does the record of this cause properly show in relation to "the irregularity of the action of the general term," of which the appellants' counsel complain?

During all the time this cause was pending in the Marion Superior Court, both at the special term and in general term, and until this appeal from the judgment of the general term was fully perfected, the law governing its jurisdiction, original and appellate, was the act of February 15th, 1871, "to establish superior courts, defining their jurisdiction, and providing for the election and compensation of the judges thereof." Acts 1871, p. 48; 2 R. S. 1876, p. 23. In section 25 of this act (section 1360, R. S. 1881), it was provided as follows:

"In all cases where, under existing or future laws of this State, a person has the right of appeal from the circuit court to the Supreme Court, an appeal may be had from a special term to the general term of said superior court. The appeal shall be heard and considered in the general term upon the original papers and records filed, and made in the cause at special term, and such matters as are properly made part thereof by bills of exceptions; it may affirm or reverse the judgment of the special term, or modify it, or render such judgment as may be deemed proper. It shall, if the judgment of the special term is not affirmed, enter of record the

error or errors found therein, and remand said cause to the special term with instructions as to said error or errors, and the special term shall carry into effect the instructions of the general term." 2 R. S. 1876, p. 27.

There was nothing in the act of February 15th, 1871, under which the Marion Superior Court was established, nor is there anything in the law under which such court is now organized, which requires the court in general term, either in affirming or reversing the judgment of the special term, or in modifying such judgment, to file a written opinion in the cause, setting forth therein the reasons for its decision. Nor did nor does the statute regulating the proceedings in such court, expressly or by implication, make or constitute any such written opinion of the general term a part of the record of the cause, on an appeal from the judgment of the general term to this court. In the section of the statute quoted, it was provided (and the same provision, in the same words, is found in section 1360, R. S. 1881), that the general term " shall, if the judgment of the special term is not affirmed, enter of record the error or errors found therein, and remand said cause to the special term with instructions as to said error or errors."

The record of this cause, under the date of February 3d, 1879, " being the first judicial day of the February term, 1879," of the court below, contains a transcript of the order-book entry of the action of the general term herein, as follows : " Come the parties, and the court, being fully advised, *affirmed* the judgment. Opinion by BURNS, J." It is manifest, from the subsequent portion of the record, that there is a clerical error in this entry, either in the original or in the transcript thereof; for the judgment at special term was *not* affirmed, but reversed, by the general term, in the opinion pronounced by Judge Burns. Immediately following the order-book entry, above quoted, there appears in the transcript before us what purports to be, and probably *is*, a copy of Judge Burns' opinion filed in this case, as it may be sup-

posed, in the general term. There is no order of the court, and no recital or file-mark of the clerk, appearing in the transcript, which indicates that this opinion was ever filed or entered of record in the general term. Indeed, it is not shown, in any manner, that the opinion of Judge Burns is a proper part of the record of this cause; and this fact, if it be the fact, can only be inferred from its juxtaposition and connection with other matters, precedent and subsequent, which are proper parts of the record. It may well be doubted, whether, in any case, the written opinion of the general term will constitute a proper part of the record, on an appeal to this court, unless it is made such either by an order of the general term or by a bill of exceptions. *Gutperle* v. *Koehler*, 84 Ind. 237; *Hanna* v. *Aebker*, 84 Ind. 411; *McWhinney* v. *Briggs*, 85 Ind. 535.

Waiving this objection, however, and conceding, without deciding, that the opinion of Judge Burns is properly in the record, it is shown, by the transcript before us, that on February-28th, 1879, during the same term of the court wherein such opinion was filed, the appellee Butterfield appeared and filed his petition for a rehearing of this cause by the court in general term. Thereafter, on September 1st, 1879, being the first judicial day of the September term, 1879, of the court below, the prayer of the petition for a rehearing was granted by the general term. Afterwards, on November 3d, 1879, being the first judicial day of the November term, 1879, of the court, the judgment at special term was affirmed by the general term, HOLMAN, J., pronouncing the opinion.

Appellants' counsel insist that the action of the general term of the court, at its November term, 1879, in reversing its own judgment rendered at its preceding February term, was erroneous, and that its judgment should be reversed back to its first judgment. In argument counsel say: " Petitions for rehearings in cases on appeal are unknown at the common law. They are regulated solely by statute. The act under and by virtue of which the court below was organ-

ized provides for appeals from a special to the general term, and from thence to the Supreme Court, but makes no provision for a rehearing in the general term after it has once decided a case." This argument, if we understand it, amounts to this: The statute under which the Marion Superior Court is organized, and which gives the general term certain appellate jurisdiction, makes no provision for the modes of procedure in general term, and, especially, for petitions for rehearings. In the absence of such statutory provision, we are remitted to the common law; and, inasmuch as petitions for rehearings were unknown at the common law, therefore there can be no petitions for rehearings, it is claimed, in the court below in general term. The argument is unsound, and, besides, it proves too much. The statute providing for the establishment of the court was a mere skeleton in so far as the rules of procedure therein were concerned; but it could hardly be claimed, for that reason, that nothing could be done therein at special term or in general term, whereof it might be said, in the language of counsel, that it was " unknown at the common law." We are of opinion that, in providing for the organization of such a court, it was the intention of the General Assembly that its modes of procedure, in all suits or proceedings, original or appellate, there pending, should be governed by, and conform to, the provisions of the civil code, applicable in like cases in the other courts of the State of original or appellate jurisdiction. In this view of the question under consideration, we are fully sustained, as it seems to us, by the decisions of this court. Thus, although the statute creating the court does not require any assignment of errors, or other pleading, in the general term, yet it has been held, and correctly so in our opinion, that "An appeal from a special to the general term of that court, so far as the assignment of the errors is concerned, should be governed by the same rules which govern in appeals from the circuit courts to this court. * * * If an error of the special term has not been assigned in the general term, it can not be pre-

.sented to this court for the first time." *Bartholomew* v. *Preston*, 46 Ind. 286. *Johnson* v. *Kohl*, 55 Ind. 454; *Beineke* v. *Wurgler*, 77 Ind. 468.

Our conclusion is that the general term did not err, either in considering the petition or motion for a rehearing, filed during the term in which its first decision was pronounced, or in its action, at a subsequent term, in granting such rehearing.

Appellants' counsel next insist that the court erred in overruling the demurrers to appellee's complaint. The first objection urged to the sufficiency of the complaint is based upon section 49 of the civil code of 1852 (section 338, R. S. 1881), wherein it is provided that the complaint shall contain, *inter alia*, "A statement of the facts constituting the cause of action, in plain and concise language," etc. Appellee's complaint is in form a common count for money had and received by the defendants for the use of the plaintiff's testator. Counsel say: "The common-law counts do not state the facts, but mere legal conclusions. It was intended by the framers of the code to radically change this rule. This being the case, the common-law counts are no longer sufficient." It might be, perhaps, a sufficient answer to this argument, to say that "the framers of the code," on the same day it was approved, enacted another law, supplemental to the code, to abridge the forms in civil and criminal actions, wherein, in *Form No. 11*, they declared, in effect, that the common counts for goods sold and delivered, materials furnished, and money lent, were sufficient in all cases where they were applicable. In the act last referred to, it was also provided that "in other cases forms may be used as nearly similar as the nature of the case will admit; but no pleading shall be deemed invalid for want of form, if it contain the substance required by law." 2 R. S. 1876, p. 357.

It is further objected by the appellants' counsel, that the complaint is bad on demurrer, because it did not contain the allegation that, "being so indebted, they, the said defendants,

in consideration thereof, undertook and then and there faithfully promised," etc., and, also, "for the reason that it alleges no breach of duty on the part of the defendants."

Appellee's complaint was not objectionable on either of the grounds suggested by counsel; but, if it had been, the objections could not have been reached or made available in the palmiest days of special pleading under the common law, by a general demurrer, or in any other mode than by a special demurrer. Under the code special demurrers are unknown; and, in lieu, thereof, as a general rule, motions to make pleadings more certain and specific now perform the functions of special demurrers. In this case the appellants' demurrers to the complaint were general demurrers; and, in so far as the appellants' objections to the complaint have been pointed out by their counsel, the demurrers thereto were correctly overruled. *Higert* v. *Trustees*, 53 Ind. 326; *Mayes* v. *Goldsmith*, 58 Ind. 94; *Heshion* v. *Julian*, 82 Ind. 576.

The next error assigned by the appellant Terrell, in general term, is the sustaining of appellee's demurrer to the amended fourth paragraph of his separate answer. No question is discussed by appellants' counsel, in their briefs of this cause, which can be said to be fairly presented for decision, by this supposed error. Under the settled practice of this court, therefore, it must be said of this error, even if it exists, that it is waived by the appellants.

. The last error, of which appellants' counsel complain in argument, is the overruling of their motions for a new trial. In these motions many causes were assigned by the appellants separately for such new trial. Without setting out *in extenso* these several causes for a new trial, we will consider and decide the various questions arising thereunder, which are presented and discussed in the briefs of appellants' counsel.

In 1869 the General Assembly of this State appropriated the sum of $10,000 to John A. Coburn in payment of services by him rendered in the collection of the war claims of the State against the United States Government. After this ap-

propriation was made Mr. Coburn executed a written order in favor of the defendant Thomas B. McCarty, in the words and figures following, to wit:

"WASHINGTON, D. C., July 1st, 1869.

" The Treasurer of the State of Indiana will please pay to Col. Thos. B. McCarty, of the city of Indianapolis, the sum of $10,000, out of any money due me from the State.

(Signed) "J. A. COBURN."

Upon this order the defendant McCarty obtained from the Auditor of State a warrant on the Treasurer of State for the amount of the appropriation, in Coburn's favor, to wit, the sum of $10,000. Of this amount the sum of $500 was retained by Gov. Baker and by him paid back into the State Treasury, in payment of the like amount previously advanced by Gov. Baker out of his contingent fund to John A. Coburn. Out of the money received by him from the State Treasurer, on the warrant of the Auditor of State, the defendant Thomas B. McCarty, on the authority of appellee's testator, John A. Coburn, also paid Messrs. McDonald and Roache, for services rendered him by them, the sum of $2,000. McCarty also retained a certain sum, in payment of a debt due him from Coburn, and paid the balance of the appropriation, to wit, $6,488.65, to the appellant Terrell, by him " to be accounted for to J. A. Coburn, of Washington, D. C."

Under the alleged errors of the court, in overruling their motions for a new trial, the appellants' counsel first insist that the verdict of the jury was not sustained by sufficient evidence. They claim that there was an absolute failure of evidence, in two essential particulars, namely : 1. The evidence fails to show a demand upon the defendants, or either of them, before the commencement of the action, for the money in controversy ; and, 2. There was no evidence introduced to prove the joint liability of the defendants to John A. Coburn, for such money.

The fact is undisputed, that the money was paid to the defendant Thomas B. McCarty by the State officers, upon the

written order of John A. Coburn, and with his knowledge and consent. Ordinarily, no doubt, in such a case, neither Coburn nor his executor could maintain an action against Thomas B. McCarty for the money so paid to him, or any part thereof, without a demand therefor before suit brought. *Pierse* v. *Thornton,* 44 Ind. 235; *Heddens* v. *Younglove,* 46 Ind. 212; *Dodds* v. *Vannoy,* 61 Ind. 89.

Where, however, a party has received money for the use of another, with his knowledge and consent, and it is shown that, after his receipt of the money, such party has wrongfully converted such money to his own use, or to the use of himself and a third party, an action will lie for the recovery of the money without any demand therefor before suit brought; and, in such case, it is unnecessary to either aver or prove any such demand. *Nelson* v. *Corwin,* 59 Ind. 489; *Proctor* v. *Cole,* 66 Ind. 576; *Bunger* v. *Roddy,* 70 Ind. 26; *Cox* v. *Albert,* 78 Ind. 241; *Buntin* v. *Pritchett,* 85 Ind. 247.

In the case in hand, we are of opinion that there is evidence in the record from which the jury might well have found a demand before suit brought, and, also, a wrongful conversion by the defendants of the money in controversy. Whether the jury found the one or the other, or both of these facts, is not apparent from their general verdict; nor is it material, because the existence of either or both of the facts would have sustained their verdict, in so far as it depended upon the question of a demand before suit brought. The one fact was that the demand had been made; and the other fact dispensed with the necessity of any such demand, either as matter of averment or as matter of proof.

There was evidence before the jury, also, which tended to show that the estate of Thomas B. McCarty, deceased, and the appellant Terrell were jointly liable to the executor of John A. Coburn, deceased, for the money in controversy. That is, the jury might have found from the evidence before them, that both McCarty and Terrell, with full knowledge of the facts, participated in the wrongful conversion of Coburn's

money. In such a case, the joint conversion of the money by McCarty and Terrell, made them jointly liable therefor to Coburn or his executor. *Huckstep* v. *O'Hair*, 8 Ind. 253 ; *Smith* v. *Freeman*, 71 Ind. 85 ; *Hogue* v. *McClintock*, 76 Ind. 205.

The last error of the court, occurring at the trial, of which the appellants' counsel complain in argument, relates to the instructions to the jury in regard to their consideration of the testimony of the appellant Terrell in determining upon their verdict. The defendants severed in their defence of this cause at the special term, and issues were joined upon their separate answers. Before the trial, as we have seen, Thomas B. McCarty died, and his executrix, Mrs. Lavina McCarty, was made a defendant in his stead. The bill of exceptions shows that, upon the trial of the cause, " the defendant William H. H. Terrell was duly sworn and offered as a witness in behalf of the defendants ; " and that, over the objections and exceptions of the plaintiff, the court held that defendant Terrell was a competent witness as to the issues joined between his co-defendant McCarty and the plaintiff. The bill then shows that defendant Terrell was " called as a witness for the defendant T. B. McCarty," and was examined, at some length, as such witness. Before the close of such examination, apparently, the bill of exceptions continues as follows : " The court then, of its own motion, required the witness (Terrell) to testify, in his own behalf, as to the conversation alleged to have taken place at Willard's Hotel, in the city of Washington, between him and the witness Mrs. Coburn, as testified to by Mrs. Coburn in her testimony." It is then shown by the bill of exceptions that the defendant Terrell was examined, cross-examined and re-examined, at considerable length.

The court's instructions to the jury, complained of in argument by the appellants' counsel, read as follows :

" 3. In determining this question" (*i. e.*, " whether or not McCarty's estate and Terrell are jointly liable, and, if so, in what amount? ") " you must leave out of consideration alto-

gether the testimony of Terrell, the same as if you had not heard any of it, and decide it upon the other evidence in the case.

"4. This is a question where [which?] you must determine from all the circumstances surrounding the transaction as discovered by the evidence, outside of the testimony of Terrell." There is more of this instruction, but we have set out all of it of which the appellants' counsel complain, as we understand them.

They complain, also, of the following instruction:

" In considering whether or not defendant Terrell is separately and severally liable, you will exclude from your consideration, neither considering it for nor against him, all of his testimony except that portion of it relating to the conversation between him and Mrs. Coburn, at Willard's Hotel; and you will consider such portion relevant only so far as it may tend to negative the testimony of Mrs. Coburn upon that subject. What Terrell said in that conversation about his having a valid claim to withhold what he did withhold of the moneys received of McCarty, is no evidence of the validity of such claim."

The court committed no error in giving the jury the instructions quoted, or either of them; nor is there any inconsistency between these instructions and the rulings of the trial court during the examination of Terrell as a witness, and in the partial admission of his testimony. At the time of the trial of this cause, the law governing the admission of oral testimony was the act of March 11th, 1867, " defining who shall be competent witnesses," etc. 2 R. S. 1876, p. 132, *et seq.* Under this act it might well be doubted whether or not Terrell was a competent witness for his co-defendant Mc-Carty, because, upon the pleadings in the case, it could hardly be said that he and McCarty were " opposite " parties. But, having been permitted to testify solely on behalf of his co-defendant McCarty, the court properly instructed the jury that they must not consider his testimony in determining

the question of the joint liability of Terrell and McCarty. The court did not require Terrell to testify generally as a witness in the case, but expressly limited its requirement " to the conversation alleged to have taken place at Willard's Hotel, in the city of Washington, between him and the witness Mrs. Coburn, as testified to by Mrs. Coburn." It was competent for the court to require Terrell to testify as to a single matter only ; and, having done so, the court properly instructed the jury as to how they should consider Terrell's testimony.

We have found no error in the record authorizing or requiring the reversal of the judgment.

The judgment is affirmed, with costs.

ELLIOTT, J., took no part in the consideration or decision of this cause.

