Filed April 16, 1884.

---

No. 10,539.

HARTLEP *v.* COLE.

PLEADING.—*Complaint.—Supreme Court.*—Where the only objections to the sufficiency of a complaint are, that it states, in one paragraph, several items of indebtedness on different accounts, and fails to aver that either or all of them are due and unpaid, and that the bill of particulars therewith filed fails to show that the items therein were between the parties to the suit, such objections come too late and afford no ground for the reversal of the judgment, when presented for the first time, after verdict and judgment, by an assignment of error in the Supreme Court that the complaint does not state facts sufficient to constitute a cause of action.

PRACTICE.—*Motion for New Trial.—Absence of Evidence.—Supreme Court.*—Where the only causes assigned for a new trial are, that the verdict is not sustained by sufficient evidence and is contrary to law, the alleged error of the circuit court in overruling the motion for a new trial, in the absence of the evidence from the record, presents no question for the decision of the Supreme Court.

From the Warren Circuit Court.

*J. W. Sutton* and —— *Hunter*, for appellant.

*J. McCabe* and *E. F. McCabe*, for appellee.

HOWK, C. J.—The appellant, Hartlep, the defendant below, has assigned here the following errors:

1. The court erred in overruling his motion for a new trial;

2. The court erred in rendering judgment for appellee; and,

3. The appellee's complaint does not state facts sufficient to constitute a cause of action.

The last one of these assignments of error calls in question the sufficiency of appellee's complaint after verdict and judgment thereon, for the first time in this court. In discussing this alleged error, the appellant's counsel insist that the complaint is defective, in two material particulars, namely:

1. It alleges, in a single paragraph, several distinct items of indebtedness on different accounts, and fails to aver that either or all of said items are due and unpaid;

2. Because the bill of particulars, filed with the complaint, fails to show that the items of account therein were between the parties to this suit.

The appellee alleged in his complaint, (1) that the appellant "is indebted to him," in a certain sum, for goods sold and delivered, etc., "also, for work and labor of the value," etc., and interest, done by appellee for him; (2) also, that appellant "owes" appellee a certain other sum, and interest, "for money lent to him;" (3) also, that appellant "is indebted to him," in a certain other sum, "for services as the attorney" of the appellant, etc. In so far as the appellant's first objection to the complaint is concerned, it would not have been well taken even if he had demurred to the complaint, at the proper time, for the want of sufficient facts; and, certainly, such an objection to the sufficiency of the complaint, when made for the first time in this court, can not be made available for the reversal of the judgment. In *Mayes* v. *Goldsmith*, 58 Ind. 94, the defendant's indebtedness to the plaintiffs was alleged in substantially the same terms, and the same objection was presented to the complaint, by a demurrer thereto for the want of sufficient facts, as in the case at bar, and it was held by this court, that such demurrer was correctly overruled. It was there said: "It is objected to the complaint that it does not appear therefrom that the

Hartlep v. Cole.

amount claimed was due, that is, that the demand was a matured one. The language of the complaint is, that the defendant 'is indebted,' etc. We think this implies a present indebtedness; in other words, that the claim was mature." To the same effect, substantially, are the following cases: *Johnson* v. *Kilgore*, 39 Ind. 147; *Humphrey* v. *Fair*, 79 Ind. 410; *Heshion* v. *Julian*, 82 Ind. 576.

But it is claimed by appellant's counsel, that the trial court erred in not carrying back the demurrers to the third and fourth paragraphs of answer and sustaining the same to appellee's complaint. It will suffice to say, that no such error, if such it be, is assigned by the appellant on the record of this cause. "The assignment of errors constitutes the appellant's complaint in this court, and to it alone is the appellee required to answer. It is the foundation of the appellant's proceedings for review in this court, and we can not consider nor decide any question which is not fairly presented by the assignment of errors." *Hutts* v. *Hutts*, 62 Ind. 214.

Immediately following the complaint, in the transcript, is the bill of particulars, prefaced as follows: "Bill of particulars of the items of the accompanying complaint." It sufficiently appears, we think, from this prefatory statement, that the items of account, in the bill of particulars, were between the parties to this suit.

The appellant neither objected nor excepted, in the trial court, to the judgment therein rendered in this cause, as to either its form or substance. Therefore, the second error assigned by the appellant presents no question for our decision. *Teal* v. *Spangler*, 72 Ind. 380.

In discussing the alleged error of the court, in overruling the motion for a new trial, the appellant's counsel say: "The motion should have been sustained, for the reason that the complaint does not state facts sufficient to constitute a cause of action." We need hardly say that this was not a proper cause or reason to be assigned in the motion for a new trial; nor was it so assigned by appellant in his motion in this case.

The only causes for a new trial, assigned by the appellant, were that the verdict of the jury was not sustained by suffi-cient evidence, and was contrary to law. These causes for a new trial, in the absence of the evidence, present no question for our decision, and the evidence is not in the record. We are bound to conclude, therefore, as we do, that the court committed no error in overruling appellant's motion for a new trial. The judgment is affirmed, with costs.

Filed April 4, 1884.