Ketcham *v.* Barbour, Executor.

Filed May 12, 1885; petition for a rehearing overruled Nov. 5, 1885.

---

## No. 11,880.

## KETCHAM *v.* BARBOUR, EXECUTOR.

SUPREME COURT.—*Assignment of Error.*—*Practice.*—An assignment of error, that "the court erred in overruling the demurrers to the first, second and third paragraphs of the complaint," does not call in question the rulings upon demurrers to each of the paragraphs separately, but all jointly, and if one is good the assignment fails.

SAME.— *Weight of Evidence.*—The Supreme Court will not weigh evidence nor attempt to determine any question in regard to the credibility of opposing witnesses.

PLEADING.—*Complaint on Account.*—*Decedents' Estates.*—A complaint by an executor upon an itemized account, alleging that the defendant is indebted to the plaintiff in a certain sum of money for the rent, use and occupation of certain land belonging to his decedent, is good on demurrer for the want of facts.

From the Vigo Superior Court.

*W. Eggleston* and *E. Reed,* for appellant.

*C. W. Barbour* and *A. J. Kelly,* for appellee.

HOWK, J.—The first error of which complaint is made by the appellant, the defendant below, is thus assigned upon the record of this cause : " The court erred in overruling the demurrers to the first, second and third paragraphs of the complaint."

It will be observed that this assignment of error does not call in question the rulings of the trial court upon demurrers to each of the paragraphs of the complaint separately ; but the error complained of is the overruling of demurrers to the first, second *and* third paragraphs of complaint. The record

does not contain any such demurrers, and, of course, does not show any such ruling as the one complained of here as erroneous. In this court the appellant's assignment of error is his complaint, and it must state, like a complaint in a trial court, the cause or matter complained of with reasonable certainty and precision, and the existence or truth of such cause or matter must, in like manner, be shown by the record. *Hutts* v. *Hutts*, 62 Ind. 214; *Williams* v. *Riley*, 88 Ind. 290.

If, however, it were conceded that the record contained the demurrers, and showed the ruling thereon, mentioned in the first alleged error, it is certain that such error would not present the question of the sufficiency of each paragraph of complaint separately, but only of the three paragraphs, jointly considered. In such a case, if either paragraph of the complaint states a good cause of action, the joint demurrer to all the paragraphs is properly overruled, even though the other paragraphs may be clearly insufficient. This is so, we think, whether the question is presented upon a joint demurrer to all the paragraphs of complaint, or by an assignment of error which is founded solely upon the alleged overruling of such demurrer to all the paragraphs jointly. In this case it is not, and can not be seriously questioned that the third paragraph of appellee's complaint states a good cause of action. It is a complaint upon an itemized account, wherein it is alleged that the appellant "is indebted" to the appellee in a certain sum of money, for the rent, use and occupation of certain land belonging to his decedent. Such a complaint shows a present, matured indebtedness, and is sufficient to withstand a demurrer for the want of facts. *Mayes* v. *Goldsmith*, 58 Ind. 94; *Heshion* v. *Julian*, 82 Ind. 576. If, therefore, the appellant's demurrers had been, as stated in the first assignment of error, joint demurrers to all the paragraphs of complaint, they were properly overruled, even though the first two paragraphs were clearly bad; and if, as the fact was, the demurrers were separate as to each of the paragraphs, the rulings

thereon are not called in question by the first assignment of error. Our conclusion is that the question of the sufficiency of the several paragraphs of complaint is not presented for our decision by the appellant's assignment of error.

The only other error assigned by the appellant is the over-ruling of his motion for a new trial. In this motion the only causes assigned for such new trial were, that the finding and decision of the court were not sustained by sufficient evidence, and were contrary to law. This assignment of error, therefore, presents for our decision this single question, Is there legal evidence appearing in the record which tends to sustain the finding of the court on every material point? We think there is an abundance of such evidence in the record of this cause. This court will not weigh evidence, nor attempt to determine any question in regard to the credibility of opposing witnesses. The rule which governs this court as to these matters, and the reasons for such rule, will be found in many of the reported decisions of the court, and need not be repeated here. *Cox* v. *State,* 49 Ind. 568; *Rudolph* v. *Lane,* 57 Ind. 115; *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Feb. 11, 1885; petition for a rehearing overruled Nov. 5, 1885.