The State, *ex rel.* Neff, *v.* Faurote.

No. 12,334.

THE STATE, EX REL. NEFF, *v.* FAUROTE.

PRACTICE.—*Demurrer to Paragraphs of Answer Jointly.*—A demurrer to several paragraphs of answer jointly will be properly overruled if one paragraph is good.

SUPREME COURT.—*Assignment of Error.*—The Supreme Court will not consider any question which is not fairly presented by the assignment of errors.

From the Henry Circuit Court.

*D. S. Morgan, S. S. Harrell, C. S. Hernly* and *S. H. Brown,* for appellant.

*J. A. New* and *J. W. Jones,* for appellee.

HOWK, J.—The relator of the appellant, the plaintiff below, has assigned the following error upon the record of this cause, namely :

" The court erred in overruling plaintiff's (appellant's) demurrer to the first, second, third, fourth, fifth, sixth and seventh paragraphs of the separate answer of the appellees herein, David M. Brown, John B. Guerin, William H. Lewis, John H. Craynor, George B. Morris, Daniel B. Canaday and Frank J. Hall."

This assignment of error is joint as to all the paragraphs of answer enumerated therein. It does not call in question the sufficiency or insufficiency of any one of the several paragraphs of answer. But it presents for our decision this single question : Did the trial court err in overruling appellant's demurrer to all the enumerated paragraphs of answer, as an entirety? If all of such paragraphs were bad, the court clearly erred in overruling the demurrer thereto, and the error quoted is well assigned, and the judgment below must be reversed. But if any one or more of such paragraphs of answer were sufficient to withstand the relator's demurrer, it is equally clear that the ruling assigned here as error is not well assigned, and the judgment below must be affirmed. This is so even though some of the paragraphs of answer, if consid-

The State, *ex rel.* Neff, *v.* Faurote.

ered separately, might seem to be clearly insufficient. *Ketcham* v. *Barbour*, 102 Ind. 576.

It is certain that the court committed no error in the ruling complained of in appellant's assignment of error, because paragraphs three and four of appellees' answer were sufficient, beyond all room for doubt, to withstand the demurrer thereto for the want of facts. Paragraph three of such answer was a general denial of each and every allegation in the relator's complaint; and in paragraph four the appellees alleged that the 'relator's claim " was fully paid and satisfied long before the institution of this cause." These two of the seven paragraphs of appellees' answer were good on demurrer, and, therefore, the ruling of which appellant complains in the assignment of error above quoted was clearly right, and the judgment below must be affirmed.

If the record of this cause clearly showed that appellant had separately demurred to each of the seven paragraphs of appellees' answer, and that, as to some of such paragraphs, the separate demurrers had been erroneously overruled, such erroneous rulings would not be available to appellant's relator, for the reversal of the judgment below, simply because he has not assigned such rulings here as errors. It is settled by our decisions that the appellant's assignment of errors constitutes his complaint in this court, and that, to the errors there assigned, the appellee is only required to answer, either in pleading or in argument. We have often held that the assignment of errors is the foundation of the appellant's proceedings here for the reversal of the judgment below, and that we will neither consider nor decide any question which is not fairly presented by the assignment of errors. *Hartlep* v. *Cole*, 94 Ind. 513; *Ketcham* v. *Barbour, supra; Indiana, etc., R. W. Co.* v. *Maddy*, 103 Ind. 200.

The judgment is affirmed, with costs.

Filed Dec. 29, 1885.