No. 1,497.

## McFadden et al. *v.* Ross et al.

Evidence.—*Parol.--Contents of Letter.*--Parol evidence is not admissible to prove the contents of a letter in the absence of proof of loss of the same, or that it is beyond the jurisdiction of the court, or that an effort has been made to procure the original, and that it cannot be produced.

Mortgage.—*Chattel.—Acceptance by Mortgagee.—Replevin of Mortgaged Goods.*—The bringing of an action by a chattel mortgagee to replevin the mortgaged chattels does not constitute an acceptance of a mortgage recorded without his knowledge, so as to affect an intervening purchaser at a sale under execution against the mortgagor.

Same.—*Chattel.—Executed and Recorded Without Knowledge of Mortgagee.—When Void as Against Subsequent Purchaser.*—If a chattel mortgage be executed without the knowledge of the mortgagee, and is delivered to a third person, and is by him recorded, it is void as against a subsequent purchaser of the goods on execution against the mortgagor.

Same.—*Chattel.—Acceptance.—Subsequent Purchaser.*—In such case, the acceptance of the mortgage, after such sale, by the administrator of the mortgagee, cannot affect the rights of the purchaser.

Harmless Error.—*Evidence, Excluding.*—Excluding testimony, if error, is harmless, where it was subsequently admitted.

Witness.—Credibility of a witness is a question solely for the trial court.

Lien.—*Purchaser of Mortgaged Chattels.—Execution Sale.*—A purchaser at an execution sale of mortgaged chattels has a lien on the excess remaining, after the mortgage has been satisfied.

From the Shelby Circuit Court.

*Love & Morrison* and *J. B. McFadden,* for appellants.

*Hord & Adams,* for appellees.

Lotz, J.—This is the third appearance of this cause in an appellate court. See *McFadden* v. *Ross,* 108 Ind. 512, and *McFadden* v. *Ross,* 126 Ind. 341.

It is an action on a replevin bond, brought by the appellees as plaintiffs, against the appellants as defendants.    The plaintiffs recovered a judgment below.

Only two assignments of error are presented for our consideration, viz : (1) That the court erred in its conclusions of law on the special finding of facts, and (2) the overruling of appellant's motion for a new trial. The main and controlling ·question on this appeal, as we view it, arises on the first assignment.

The facts necessary to the determination of this question, and as found by the court, are substantially as follows :

On the 26th day of March, 1880, James B. McFadden, as administrator of the estate of Joseph Nichols, deceased, instituted in the Shelby Circuit Court an action in replevin against the plaintiffs, to recover the possession of certain personal property, consisting of whiskey, brandy, wines and gin, of the value at that time of $401.90, and the defendants gave an undertaking, conditioned that the administrator should prosecute said action with effect and without delay, and make return of the property, if return· thereof should be adjudged against said administrator and pay the plaintiffs in this action all damages which they might recover in that action.    By virtue of that action and undertaking, the administrator obtained from these plaintiffs the custody and possession of all of said property.    The administrator, contrary to the conditions of said bond, did not prosecute said action in replevin with effect and without delay, and did not return the property or any part thereof to the plaintiffs, but dismissed his said cause on the 15th day of January, 1881, and continued to hold the property, and converted the same to his own use and purposes, notwithstanding the order

and judgment upon the dismissal that the property be returned to these plaintiffs.

On the 26th day of February, 1879, the property involved in the replevin action, together with other personal property was owned by one George D. Nichols, and on said day the plaintiffs purchased the property involved in the replevin action at execution sale, upon an execution issued upon a valid judgment rendered by a court of competent jurisdiction in favor of these plaintiffs, and against said George D. Nichols; and by virtue of such purchase the plaintiffs came into the possession of said goods, and were so in the possession at the time the replevin suit was instituted against them.    At the time of the purchase under the execution sale, by the plaintiffs, there existed of record in the county where the property was situated, and where the sale was made, a certain chattel mortgage of the date of January 9, 1879, purporting to be made by the said George D. Nichols, to one Joseph Nichols, to secure two promissory notes aggregating the sum of $550, payable to the said Joseph Nichols; that the mortgage described and included the property purchased by the plaintiffs at said execution sale, together with other property of George D. Nichols; all of the property included in the mortgage being of the aggregate value of $1,263.74.

The mortgage and notes which it purported to secure were made by George D. Nichols, and by him placed in the custody of McFadden without the knowledge or consent of Joseph Nichols, and the mortgage was placed of record by McFadden without the knowledge of, or any authority from, Joseph D. Nichols; the said Joseph then resided in the State of Rhode Island, and was not at any time present in Shelby county, Indiana, where the notes and mortgage were made, and the mortgage recorded, and no delivery of the notes and mort-

gage to the said Joseph Nichols, or any other person acting for him, or by his authority, was ever made.

McFadden received and converted, sold and otherwise disposed of portions of the property covered by the mortgage, of the value of $963.74, including the property so taken in replevin from the plaintiffs, and permitted other persons to take and convert to their own use of the property so covered by the mortgage, and in addition to that converted by him, of the value of $300. The several conversions were made immediately after securing the possession in the replevin proceedings. At the time of the conversion the principal and interest of the two notes made by George D. Nichols was $601.33, and the value of the property converted by McFadden exceeded the principal and interest of the notes in the sum of $362.41, and the whole property so converted exceeded the amount of the notes in the sum of $662.41.

Upon these facts the court stated, as conclusions of law, that the plaintiffs had suffered (1) damages by reason of taking the property under the replevin bond, in the sum of $362.41, and of accrued interest in the sum of $282.62, in all in the sum of $645.03, for which they were entitled to judgment ; (2) that the mortgage to Joseph Nichols was ineffectual as against the plaintiffs.

The appellants only make one objection to the conclusions of law. If any others exist they are waived for failure to present them. It is insisted that the last conclusion is erroneous for the reason that the facts found show that acts of McFadden in bringing suit to recover the possession of the goods is equivalent to a ratification of his act in placing the mortgage on record for Joseph Nichols.

The action in replevin, however, was not brought until after the execution sale. Whatever rights the

appellees acquired by virtue of the execution sale they secured before any ratification or acceptance took place. If the mortgage was a nullity before it was accepted by Joseph Nichols, or his administrator, it conferred no rights upon anybody and could be rightfully ignored by the appellees and the officer who made the sale under the execution. The delivery of a deed or mortgage is absolutely essential to its execution. Delivery is the final act in its execution. Until delivered it has no force or validity, for until then it is an act or contract only in process of formation or completion. It is true that a delivery may be made to the third person for the grantee or mortgagee, and that, too, without the knowledge of the latter, and when acccepted by the grantee or mortgagee it becomes valid. It is also true that in some instances the law will presume an acceptance from the fact that the grantor has caused the deed to be recorded, where the grantees are infants, or persons under legal disabilities; but such instances are exceptions to the general rule, and we are not concerned with the exceptions here. There is much similarity between the case at bar and that of *Woodbury* v. *Fisher*, 20 Ind. 387. That was a proceeding by a judgment creditor to reach certain equities in real estate. The facts briefly stated were, that John C. Fisher, the judgment defendant, was indebted to his mother, Sarah Fisher, in the sum of $800. He made his note and mortgage to her to secure the debt. He caused the mortgage to be recorded and took it from the recorder's office. Sarah Fisher, the mortgagee, was a resident of Pennsylvania, and the mortgage was not delivered to her in person or by agent. The only evidence of acceptance by her is that she claimed the benefit of it in her answer. The complaint alleged the making of the mortgage, but that it had never been delivered. The trial court found that

that mortgage was valid.    In speaking of this finding the Supreme Court said:    "In this respect we think the court erred.    A deed or mortgage must not only be delivered to, but must be accepted by the grantee or mortgagee, otherwise the title does not pass.

" 'To be delivered, it would seem that the deed must pass under the power of the grantee or some person for his use with the consent of the grantor.    *Dearmond* v. *Dearmond*, 10 Ind. 191.    With proper evidence of an acceptance by the grantee perhaps the delivery of a deed by the grantor would be sufficient delivery. *McNeely* v. *Rucker*, 6 Blackf. 391.    We have seen, in the case before us, that there was no acceptance shown by Mrs. Fisher until she filed her answer.    Even supposing that could amount to an acceptance; and this was after the plaintiffs had acquired a lien by instituting their suit to reach the property. . *Butler* v. *Jaffray*, 12 Ind. 504.    An acceptance then could not relate back so as to defeat the lien thus acquired by the plaintiffs. This view is fully sustained by the case of *Goodsell* v. *Stinson*, 7 Blackf. 437, and cases there cited, that a further examination is deemed unnecessary."

In the case at bar, there was no acceptance, such as could defeat the appellees' purchase under the execution sale.    At the time that was made, the mortgage was a nullity.    The court did not err in its conclusions of law.

The first cause for a new trial is that the court erred in refusing to permit the defendant McFadden to testify that at the time the chattel mortgage was made, George D. Nichols stated to McFadden that he had borrowed $550 of Joseph Nichols, and had promised to secure the loan by mortgage.    The record shows that McFadden was subsequently permitted to state all that

George D. Nichols said to him on that occasion. This ruling, if error at all, is not reversible error under these circumstances.

The second ground for a new trial is that the court erred in refusing to permit the defendant McFadden to testify to the contents of a letter which he had written, mailed, and addressed to Joseph Nichols, at Providence, Rhode Island, on the 9th day of January, 1879, informing Joseph that George D. had, on that day, executed a note for $550, payable to Joseph and secured by mortgage on personal property in Shelbyville, and that the note and mortgage were then in McFadden's office and possession, and inquiring of said Joseph as to what he desired to have done with them.

There was no error in the exclusion of this evidence. There was no proof of loss, nor was there any proof that the letter was beyond. the jurisdiction of the court at the time of the trial, nor that it could not be produced, nor was there a showing that any effort whatever had been made to procure the original. There may be cases where parol evidence of the contents of written documents is admissible, when the document is beyond the jurisdiction and cannot be produced, but no proper showing was made in this instance to entitle parol evidence of the contents to be given.

There are several other causes for a new trial relating to the admission of evidence, discussed by counsel. We have examined them all carefully, and deem it unnecessary to discuss them in detail. The evidence complained of was admissible as tending to show what had become of the goods, and as tending to rebut McFadden's testimony that the mortgage had been accepted by Joseph Nichols, or by his administrator.

If the mortgage had been accepted in good faith, it is not probable that the administrator would have per-

McFadden *et al. v.* Ross *et al.*

mitted the property to become squandered or lost. His conduct in relation to the property, and the disposition made of it was proper evidence when considered in connection with his own testimony.

It is lastly contended that the finding is contrary to the law, and not supported by sufficient evidence.

If the mortgage was not accepted before the levy and sale, the finding is certainly not contrary to the law.

The appellants, however, insist that the undisputed evidence shows that the mortgage was accepted. It is true that one of the appellants testified to having received a letter from Joseph Nichols, accepting the mortgage shortly after it was made. But the question of the genuineness of this letter was a matter for the trial court. The credibility of this witness was also a matter for the trial court. The trial court found that the mortgage was not accepted. It must have discredited this testimony. The credibility of the witness is a matter for the trial court and not for this court.

The equities of this case are all with the appellees. Even if the mortgage was valid, the appellees had a lien on the goods by virtue of the levy of the execution. The administrator was in duty bound to account to the lien holders for the excess after the payment of the mortgage. The finding shows that he received from the goods not only enough to satisfy the mortgage, but a large amount in excess thereof, enough to satisfy the appellees' demand in this action, and in a proper proceeding he could be compelled to account to them for the excess.

We find no reversible error in the record.

Judgment affirmed.

Filed October 18, 1895 ; petition for rehearing overruled February 11, 1896.