Beatty v. Pruden, Trustee, Etc.

No. 1,657.

## BEATTY v. PRUDEN, TRUSTEE, ETC.

DRAINAGE.—*Land Owner's Allotment of Ditch Cleaned by Township Trustee.—Lien for Expenses, How Created.*—It is essential to a lien upon land for the expense incurred by a township trustee in cleaning a land owner's allotment of a public ditch, that the trustee shall certify the cost thereof to the auditor, and that the latter shall place the same upon the tax duplicate as provided by R. S. 1894, section 5638.

SAME.—*Conclusiveness of Allotment by Surveyor.—Action by Trustee for Expenses of Repairing.*—An allotment of a public ditch by the surveyor under R. S. 1894, section 5633, is conclusive against the property owner, in an action by the township trustee for the expense incurred in cleaning out such allotment, if the surveyor had jurisdiction.

SAME.—*Lien for Expenses of Cleaning by Township Trustee.—Collected as Other Taxes.—Statute Construed.*—A lien for the expense incurred by a township trustee in cleaning a property owner's allotment of a public ditch is created by R. S. 1894, section 5638, providing that the trustee shall certify the cost of the cleaning to the auditor, who shall place the same on the tax duplicate as other taxes against the land owner, to be collected as other taxes are collected.

SAME.—*Action by Trustee to Foreclose Lien.—Personal Judgment.*—A personal judgment may be recovered against a land owner in an action by a township trustee to recover the expenses incurred in cleaning the land owner's allotment of a public ditch, and to foreclose a lien therefor upon his real estate, although the facts essential to a lien are not established, under R. S. 1894, section 5638, providing that such expense shall be collected as other taxes are collected.

SAME.—*Notice of Time and Place of Hearing Objections, Necessary to Give Surveyor Jurisdiction to Make Allotments.*—Service upon a resident owner of land, of a copy of a notice that the surveyor will hear objections that may be made to the allotments of a public ditch, is essential to confer jurisdiction upon the surveyor to make an allotment as against such owner, under Acts 1889, section 3 (R. S. 1894, section 5634; Elliott Supp., section 1304), providing that "a copy of said notice shall also be served upon the trustee of the township in which an allotment is made to any highway, as summons are served upon each resident owner."

SAME.—*Allotments of Ditch by Surveyor, When Subject to Collateral Attack.*—An allotment of a public ditch by a surveyor under the Indiana statute is subject to collateral attack if he was without jurisdiction because of failure to serve the notice of a hearing of objections thereto, required by R. S. 1894, section 5634.

SAME.—*Basis of Lien.—Record of Allotment Need Not Be Made Exhibit to Complaint.*—The record of the allotment of a public ditch is not the basis of the lien upon the real estate of the owner for the expenses incurred by a township trustee in cleaning out the same, so as to require a copy thereof to be filed as an exhibit with the complaint in an action to foreclose such lien.

SAME.—*Essentials of Complaint in Action by Trustee to Recover Amount Expended in Cleaning Allotment of Property-Owner.*— A complaint in an action under R. S. 1394, sections 5632 *et seq* , to recover the amount expended by a township trustee in cleaning out a property-owner's allotment of a public ditch, and to foreclose a lien upon the real estate, need not allege in detail all the facts necessary to the legal establishment of the alleged public ditch, but an averment that a public drain, which is described, has been duly established and opened as such, is sufficient.

From the Jackson Circuit Court.

*O. H. Montgomery,* for appellant.

*W. T. Branaman,* for appellee.

REINHARD, J.—This action was instituted in the court below by the appellee as trustee of Hamilton township, in Jackson county, against the appellant to reimburse the former for costs and expenses incurred in cleaning out the appellant's allotment of a public ditch, and to foreclose a lien therefor upon appellant's real estate. One of the errors assigned and discussed is the overruling of the appellant's demurrer to the appellee's complaint.

Appellant's counsel insist that the complaint is insufficient for failing to set forth in detail "all the facts necessary to the legal establishment of the alleged public ditch." We do not think these averments were required in the complaint. The proceeding is under the act of 1889 as amended by the laws of 1891 and 1893. R. S. 1894,

section 5632, et seq. Under the act referred to all public ditches are, for the purpose of keeping the same in repair, placed under the supervision of the township trustee, whose duty it is to see that they are kept cleaned out and open. The statute contemplates that only such drains shall be subject to the supervision of the township trustee for the purpose mentioned as have been constructed and opened as public ditches. If the ditch is a public one and opened and used as such, no matter under what law or in what manner it may have been constructed, it becomes subject to being repaired under the provisions of the act cited, and any attack upon the validity of the original construction would be collateral only, if made in a proceeding such as the one at bar. In such an action as this, it is sufficient in this regard to allege in general terms that a public drain, describing it, has been heretofore duly established and opened as such. Such cases are analogous to proceedings for the enforcement of liens for the improvements of streets or other public highways. While it is essential in such proceedings to show that the improvements are authorized under the law by virtue of which they are made (*Van Sickle* v. *Belknap*, 129 Ind. 558), it is not required that the plaintiff go behind the improvements and show the steps taken in the location and establishment of such highway. It is sufficient if he aver in general terms that the highway existed and was a public one. We think the complaint is not open to the objection named.

It is next urged that the complaint discloses the illegality of the allotments, in that it shows that they were not made against the several tracts or parcels of land, but against the several owners thereof, there being, in fact, but one allotment of 7,800 lineal feet, while there

are nine distinct parcels of land affected by it, containing in the aggregate some 350 acres.

Three distinct steps are necessary to the successful prosecution of an action of the character of the present one :

1.    It must be shown that there is a public ditch.

2.    There must be an allotment by the county surveyor to the respective owners of the lands through which the ditch passes.

3.    It must be shown that the repairs were made in compliance with the statute.    The first two steps named are necessarily anterior and fundamental to the third, and their performance may be averred in a general way, while as to the last it must he shown that every act was performed which the law requires in order to constitute this step.    The act of making the allotment is a separate and distinct proceeding from that of the cleaning out of the ditch, as much so as is the original establishment and construction.    Under section 5633, R. S. 1894, it is the duty of the surveyor to make the allotments, and if this has been done under color of the statute, and the surveyor had jurisdiction, the allotments are as binding upon the parties as long as they stand as the judgment of a court, and are no more subject to a collateral attack.    The only mode of calling in question the validity of such allotments is by appeal to the circuit court from the action of the surveyor.    Of course, if the latter did not have jurisdiction, the allotments would be absolutely void and subject to collateral attack.    One of the steps necessary to give the surveyor jurisdiction is the giving of notice as provided by the statute.    If no such notice was given, the surveyor had no jurisdiction, and the allotments being void may be attacked collaterally.    *Davis* v. *Lake Shore, etc., R. W. Co.*, 114 Ind. 364; *Trimble* v. *McGee*, 112 Ind. 307 ; *Terre Haute, etc., R. R. Co.* v. *Soice*, 128 Ind. 105.

Assuming for the present that due notice was given, we think the appellant is concluded by the allotment, as under the cases cited all relief therefrom must be sought by appeal.

It is next contended that the appellee has not shown himself entitled to any lien.   If this were true, and the complaint disclosed that the appellee is still entitled to some relief, the fact that no lien was shown would not be sufficient ground for demurrer.   But as the appellant insists that the complaint does not show the appellee to be entitled to any relief, it devolves upon us to consider the question whether or not the appellee, according to the averments of the complaint, in reality has a lien.   The appellant insists that the record of the allotment is the basis of the lien, and that a copy of it must be filed as an exhibit with the complaint.   But we do not think the allotment record is the foundation of the appellee's lien, if he have any.   Nor can we yield to the contention that the statute itself creates no lien. Indeed this court has already decided otherwise.  *Daggy v. Ball*, 7 Ind. App. 64.   It is admitted by appellant's counsel that by section 5638, R. S. 1894, a remedy is given by a foreclosure of *some* lien, but counsel insist that as the lien itself has not been previously created by the statute the remedy given is futile.   The section cited above provides, among other things, that the trustee "may bring suit in the circuit or superior court of the county to collect such expense and fees, and enforce and foreclose the lien on such land," etc.   The appellant asks what lien it is that the trustee is here authorized to enforce, and insists that nowhere in the section or other portion of the statute has such a lien been created.

It will be seen by an examination of the statute under consideration, that it is made the duty of the

trustee, on failure of the land-owner to perform the work, to proceed at once to have the same completed himself; and that he shall certify the costs thereof, including his own per diem, to the auditor of the county, who shall place the same on the tax duplicate as other taxes against such person or corporation, and to be collected as other taxes are collected," etc.

By being placed upon the tax duplicate, the claim becomes a lien on the property of the land-owner to the same extent as any other lien for taxes, and may be collected by the same process. It was not necessary for the Legislature to declare in express terms that the claim shall be a lien upon the property of the owner the same as taxes are liens upon such property. Assessments for such improvements are themselves a species of taxation, and that they are so recognized by the law making power in this instance is manifested by the expression, "as other taxes." The extension of the claim upon the tax duplicate, like other taxes, places it in the same category with these and creates a lien upon the owner's property the same as if the claim were the result of a State, county or township tax levy. But while this is true, the trustee is not compelled to leave the collection of this class of taxes to the county officials, but he may proceed to enforce the collection by an action to foreclose the lien. If, however, he does resort to the latter remedy, it devolves upon him to show that he has taken all the preliminary steps essential to the establishment of the lien, and if he fails in this, the complaint will not be sufficient. In the case in hand the complaint contains no averment that the trustee certified the cost of the work to the county auditor, and that the latter placed the same on the tax duplicate of the county. Without this step the appellee had acquired

no lien and was therefore not entitled to a decree of foreclosure.

Is the appellee entitled to a personal judgment against the appellant? That the statute creates a personal liability against every resident land-owner whose property has been benefited by such improvements, provided he has had proper notice of the same, we think is obvious. In the first place it provides that the claim (when placed on the tax duplicate) shall be collected as other taxes. That the taxpayer is personally liable for any and all taxes he owes cannot be doubted. But, independently of this, the section (5638) provides that the trustee may recover the outlay and his own fees in an action before any justice of the peace of the township in which the owner resides. As a justice of the peace has no jurisdiction in foreclosure suits, the action contemplated here can only be a personal action. But even this remedy is not confined to a suit before a justice of the peace. He may enforce it in the circuit or superior court, and he may join with it a proceeding to enforce the lien, if he has taken the necessary steps to entitle him to one.

Consequently, although the appellee has not shown himself entitled to a decree of foreclosure, he may have a personal judgment against the land-owner if the proper allotment has been made against him, or if an allotment has been made in such a manner as not to be subject to collateral attack. If the assessor had jurisdiction to make the allotment in the present case, it would not be subject to a collateral attack. Whether this is so or not depends upon the validity of the notice averred in the complaint. While it might not be necessary to aver that notice was given, yet we think when the pleader undertakes to specify the character of the

notice, he must show that it meets the requirements of the statute.

The only notice given of the allotment, as disclosed in the complaint before us, was the posting up for more than ten days in five public places in the proper township, of written notices of the place where and the time when the surveyor would hear all objections that might be made to such allotments, and that the surveyor also served a copy of such notice on the trustee of such township. It is also averred that the appellant was a resident of said township. No personal notice appears to have been served on him. In section 3 of the act of 1889 referred to, which is section 5634, R. S. 1894, and section 1204 of Elliott Supplement, it is provided that the surveyor shall cause to be posted up for not less than ten days in five public places in the township where the lands are situate, through which or a portion of which the ditch runs, written or printed notices of the time when and the place where he will hear all objections that may be made to such allotment. It is then provided that "a copy of said notice shall also be served upon the trustee of the township in which an allotment is made to any highway, as summonses are served upon each resident owner or occupant of land, and upon the officers of each corporate road or railroad upon whom summons might be served in any proceeding against said road or railroad allotted a portion of said work. Where the residence of any nonresident owner of such land is known to the surveyor, he shall send a copy of such notice by mail to such nonresident owner. If a nonresident owner of land have a known agent in the county, a copy of said notice shall be served upon such agent."

We have punctuated the quotation just as we found it in the acts of 1889. In Elliott's Supplement and in

the Burns Revision of 1894, the punctuation in the first sentence quoted is somewhat different, a comma being placed between the words "resident" and "owner," making it read thus: "as summonses are served upon each resident, owner or occupant of lands," etc. When thus punctuated the language fails to make any sense whatever, although as given in the acts of 1889, the meaning is by no means clear. We think, however, it was the intention of the Legislature to provide for service of personal notice by copy on the resident land owner as well as upon the township trustee. Four distinct classes of persons are or may be affected by the allotments, viz.:

1. Resident owners of lands through which, or a portion of which, the ditch runs.

2. Nonresident owners of such lands.

3. Road or railroad corporations.

4. Townships.

Each of these, it must have been intended, should be served with notice of the allotments. Taking them in their inverse order, we find that townships are to be served with notice by copy upon the trustee; road and railroad corporations by copy upon the officers upon whom summons might be served in any proceeding against such road or railroad; nonresident owners whose residence is known, by copy sent by mail; and resident owners by personal service of a copy of the notice. When the residence of a nonresident owner is unknown, the posting of the printed or written notices constitutes the only service of notice required, and is doubtless sufficient to authorize a lien, but whether sufficient to authorize a personal judgment may well be doubted. However that may be, we think it is plainly enough provided that resident owners shall be served with a copy of the notice. By placing a semicolon after

the word "served," in the above sentence, we think the intent of the Legislature becomes plain. The sentence would then read as follows: "A copy of said notice shall also be served upon the trustee of the township in which an allotment is made to any highway, as summonses are served; upon each resident owner or occupant of land, and upon the officers of each corporate road or railroad upon whom summons might be served in any proceeding against said road or railroad allotted a portion of said work." When thus punctuated it is clear that the requirements of service upon each resident owner or occupant of land is the same as that upon the trustee of the township, viz. : by copy of the notice served as summonses are served. It is a well-known rule that the punctuation of a statute cannot affect or control its obvious meaning, and that if defective or false it may be corrected by the court. Black Interp. Laws, 186.

There is no reason why personal service should be provided for upon the officers of road or railroad corporations and township trustees, and not upon resident owners or occupants of land.

Any other construction would render the entire language as to notice absolutely meaningless. To say that a copy of the notice shall be served upon the township trustee as summonses are served upon resident owners or occupants of land would be assuming that summonses are served upon resident owners or occupants in some way different from the method of service upon other people. The simple statement of such a proposition shows its absurdity. Manifestly the provision contemplates personal service by copy of the notice upon the trustee of the township, upon the owner or occupant of the land, and upon the officers of each corporate road or railroad affected by the allotments. It is averred in

the complaint before us that the appellant was a resident land-owner, and it is also shown that no copy of the notice of the allotment was ever served upon him. The allotment was therefore void as to the appellant, and subject to collateral attack. The surveyor could acquire jurisdiction over him and his lands only in the way pointed out, and that was by serving upon him a copy of the notice. Perhaps if some kind of personal notice had been served upon the appellant, and the surveyor had determined that it was sufficient, such determination might be conclusive upon the appellant as against a collateral attack. *Quarl* v. *Abbett*, 102 Ind. 233.

The case of *Town of Cicero* v. *Williamson*, 91 Ind. 541, is precisely in point when applied to the facts in the case at bar. That was a suit for an injunction to prohibit the town from collecting taxes levied upon the real estate of the plaintiff. The injunction was asked upon the ground that the land against which the taxes had been assessed had never been annexed to the town. It was shown that the proceedings had been had to annex the territory in question, from which proceedings no appeal had been taken. Hence the question arose whether the commissioners had jurisdiction to make the order annexing such territory. If the commissioners had jurisdiction, the proceedings and order could not be attacked in the injunction suit, the same being collateral to the proceeding to annex. In that case, as in this, the statute governing the proceedings required that besides notice by publication copies of the notice should be served upon resident property owners. The complaint averred that notice was only given by publication, and that the plaintiffs were residents of the county. The court, speaking through Elliott, J., said : "In our opinion these plaintiffs were entitled to notice as pro-

vided in the statute, and as the proceedings affected them personally, and as they had private rights affecting individual property, separate and distinct from their interests in common with other citizens and tax payers, the proceedings, so far as they affected their individual interests, were unauthorized and invalid.    There is a plain distinction between proceedings affecting persons in common with other citizens, and proceedings which directly affect their private rights as owners of property, and in the latter case, where the law provides that they shall have notice, they are entitled to it, and if none is served upon them there is no jurisdiction over the person.    *   *   *   *   It would be strange indeed, if a resident of the state, entitled to notice by express provision of law, should be concluded * where no notice at all was given him.    If this were so, then a man might lose important rights without having had his day in court, and this is contrary to fundamental principles.

"This is not a case, taking the averments of the complaint as true, where there was some notice, although irregular and defective, and it is not within the cases which hold that where there is a notice, although defective, the judgment is not void.    *   *   The case as made by the complaint, falls within the rule that a judgment, void for want of jurisdiction of the person, may be collaterally attacked.    We say that there was no notice to known resident property owners because the publication is notice only to unknown or nonresident owners.    It does not, as is plainly evident from a reading of the statute, operate upon residents who are known to the town authorities.    The complaint must be held good for the reason that it affirmatively shows that there was no jurisdiction of the person, and that there was nothing in the commissioner's record concluding

the appellees from asserting that there was no such notice."

In the present case it may as truthfully be said, as it was in the case from which we have quoted, that the proceedings which are claimed to conclude the appellant and to estop him from asserting the invalidity of the allotments were such as affected the private and property rights of the appellant personally and distinct from any interest he had in common with other citizens and taxpayers. At all events he was entitled to notice by having a copy thereof served upon him, which was not done. Consequently the surveyor when he made the allotment against the appellant was without jurisdiction, and his proceedings in the premises were void. The complaint shows that the appellee is entitled to neither a personal judgment nor the enforcement of a lien. The demurrer to the complaint should therefore have been sustained.

Judgment reversed.

Ross, J., concurs in the result.