BOARD OF COMMISSIONERS OF HENDRICKS COUNTY
*v.* TROTTER.

[No. 2,636. Filed March 29, 1898.]

APPEAL AND ERROR.—*Joint Assignment of Error.*—An assignment of error, "the court erred in sustaining the demurrers to first and second paragraphs of answer," is joint, and does not present for review the ruling as to the sufficiency of each of the paragraphs severally, but only raises the question of the sufficiency of the two paragraphs jointly, and if either paragraph is bad the assignment is unavailing. *p. 627.*

COUNTY SURVEYOR.—*Ditch Allotments.*—*Notice.*—*Recovery for Services under Act of 1897.*—A county surveyor may, under the provisions of the act of 1897 (Acts 1897, p. 137), recover from the county for services rendered in validating ditch allotments made under the act of 1889, section 5632 *et seq.*, Burns' R. S. 1894 (4284a *et seq.*, Horner's R. S. 1897), where such allotments were void for want of jurisdiction on account of failure to give personal notice at the time such allotments were made. *p. 627-633.*

From the Hendricks Circuit Court. *Affirmed.*

*Thomas J. Cofer*, for appellant.

*.E. G. Hogate and J. L. Clark*, for appellee.

BLACK, J.—The only assignment of error argued by counsel is in the following form: "The court erred in sustaining the demurrers to first and second paragraphs of answer of the board of commissioners of Hendricks county."

This assignment, it has been held, is joint, and does not present for review the ruling as to the sufficiency of each of the paragraphs severally, but only raises the question as to the sufficiency of the two paragraphs jointly considered. If either paragraph be bad, the assignment is unavailing. *Ketcham* v. *Barbour*, 102 Ind. 576; *State, ex rel.*, v. *Faurote*, 104 Ind. 287; *Noe* v. *Roll*, 134 Ind. 115; *Houk* v. *Hicks*, 11 Ind. App. 190; *Crist* v. *Jacoby*, 10 Ind. App. 688; *Everett* v. *Farrell*, 11 Ind. App. 185; *Williamson* v. *Brandenberg*, 6 Ind. App. 97.

By a statute of 1889, Acts 1889, p. 53 (section 5632 *et seq.*, Burns' R. S. 1894; 4284a *et seq.*, Horner's R. S. 1897), it was made the duty of the county surveyor to make allotments of shares or portions of ditches or drains, constructed under and by virtue of any law of this State, to landowners and others designated, to be by them cleaned out annually and kept in repair. By section 3 of said act, the surveyor was required to reduce the allotments to writing and to record them in the drainage record, and thereupon to cause to be posted up notices of the place where and the time when he would hear all objections to the allotments, a form of notice being set forth in the statute. Provision was also made in said third section for service of a copy of such notice, as summonses are served, upon each resident owner or occupant of land and others designated. By the fourth section, the surveyor was

required to be present at the time and place mentioned in the notice, and to hear all objections made to such allotments; and after hearing all objections offered, he was required to confirm or change the allotments as justice might require, and to enter an order accordingly, such order to be final and conclusive upon all parties interested, unless appealed from in ten days thereafter. In *Beatty* v. *Pruden*, 13 Ind. App. 507, this court had occasion to discuss the faulty punctuation of said third section and to indicate the correct punctuation thereof; and it was held that it was the intention of the legislature to provide in said section for service of personal notice by copy on the resident landowners and others designated; and that where the only notice given of the allotment was by the posting up of written notices in the form prescribed by the statute, and by serving a copy thereof on the township trustee, a resident landowner to whose land a portion of the ditch was apportioned was not bound by the proceedings of the surveyor, which were void because of want of jurisdiction. Afterward, by statute of March 4th, 1897, Acts 1897, p. 137 (section 5634a *et seq.*, Supplement to Burns' R. S. 1894; 4317ee *et seq.*, Horner's R. S. 1897), it was provided that in all counties where county surveyors failed to give personal notice to the respective landowners of the allotting of any ditch over which such surveyors had supervision under said statute of 1889, and ditch allotments for cleaning and repairing were by them made, they should give personal notice to the landowners of the land affected by the allotments, the form of notice to be the same as that prescribed in said third section of the act of 1889; and that if the landowner should fail to appear before the surveyor at the time and place prescribed in the notice, and present his objections to his allotment, or if, upon presenting his ob-

jections, the surveyor should hold against him and adjudge his allotment to be right and equitable, then the allotment should be finally established as previously determined, and he should be required to perform the work allotted to him, "the same as though personal notice had been given him in the first event, and as though there were no irregularity therein," subject, however, to his right of appeal. It was provided in section 2, that the act should not be construed to give the surveyor "power and authority to reallot the repairing and cleaning of ditches and making of records as is prescribed in said act referred to in the preceding section, but that he is only to perform such duties as are required of him after the giving of notice as is prescribed in the aforesaid act." The fifth section of said act of 1889 provided: "The surveyor shall receive three dollars per day for actual services, and the same rate for parts of days, to be paid out of any money in the county treasury not otherwise appropriated, upon a report on oath filed with the county auditor."

The complaint in the cause before us was in the form of such a report to the county auditor, for itemized services rendered by the appellee in writing notices and hearing objections and making records for confirming ditch allotments, it being therein stated that such services were rendered under and pursuant to said act of 1897. The report was subscribed and sworn to by the appellee as surveyor of said county, and was disallowed by the appellant.

The appellant, in its second paragraph of answer, alleged, in substance, that the appellee's claim with each item thereof, was for services claimed to have been rendered the county in writing notices and hearing objections and making records for confirming ditch allotments for divers ditches mentioned and

set out in said claim by the appellee, acting as surveyor of said county; that all the drains mentioned in the complaint, long prior to the time of rendering these services, had been alloted by the county surveyor of said county under an act approved February 28th, 1889, providing for the allotment of ditches and drains in the several counties of the State; that said surveyor had been fully paid for making said allotments; that in making them the county surveyor of said county gave notice to the resident landowners to whom allotments had been made of the time and place at which he would be at his office at the town of Danville, to hear any and all objections that might be made by the real estate owners to whom allotments had been made by him on said several drains, by posting up notices in five public places along the line of said drain in each of the townships through which said several drains extended; that said surveyor was at his office at the time designated in said notices, to hear said objections to said allotments so made by him; that on each and all of said drains he made a finding that said resident real estate owners to whom allotments had been made had been duly notified by said surveyor of the time and place in which he would hear objections to said allotments; that after hearing the objections to said allotments and making such modifications as in his judgment were just and equitable, he duly confirmed the same and assigned to each real estate owner the portion of the drain that he would be required to clean out and keep in repair, and entered the same upon the drainage record of said county; that he furnished to each of said real estate owners to whom allotments had been made a copy of the profile of that part of said drain which he would be required to clean out and keep in repair, and furnished the trustee of the township in which the

ditch was situated a like copy; that all of said parties to whom allotments were made along said several drains acted upon said allotments, and have cleaned out the portions of the drain allotted to them, and have kept the same in repair from that time to the present; that none of them were claiming or pretending to claim that the allotments were invalid, nor were they refusing to keep the drains in repair, or to comply with the conditions required of them under the statute under which the allotment was made, but they have always treated the allotments as valid and binding upon them; that the services for which the appellee was claiming pay were performed without any request on their part or on the part of either of them or of any one acting in their behalf; "that, by reason of the foregoing premises, the allotments, as made by the county surveyor, as above set out, became and were as valid and binding on said landowners as if notice had been served upon them personally by said county surveyor; and that said plaintiff was fully aware of all said facts before he rendered the service for which said claim is now. pending; and that said services were and are of no value to said county, and add nothing whatever to the validity of said allotments."

We cannot regard this paragraph of answer as sufficient. It shows that the notice of the time and place for hearing objections to the allotments was served only by posting up, and admits the failure to make personal service thereof, which the act of 1889, as held in *Beatty* v. *Pruden, supra*, required. The answer, relying upon the proceedings of the county surveyor, fails to show by the averment of facts that they were valid and binding. It fails to show that the county surveyor who made the allotments pursued the mode prescribed by law for acquiring jurisdiction. Therefore, the answer does not show that the condi-

tions contemplated by the statute requiring services such as those set forth in appellee's claim did not exist, but on the contrary, admits that they did exist. The voluntary acquiescence for the time being of landowners in invalid requirements could not bind them for the future as to void allotments.

We are of the opinion that the county surveyors were not required or authorized by the act of 1897 to perform the services therein mentioned in any instances where such services were not needed to validate allotments and thereby to effect the cleaning out and repairing of drains in the manner provided for by statute. If a county surveyor, acting under said statute of 1889, besides giving notice by posting, caused copies of the notice to be served personally upon some of the parties to be affected by the allotments, but not upon all of them, and if he in other respects complied with the statutory requirements, those who were so personally served would not be released from the obligation to clean out and repair their allotted portions because of the failure so to serve other parties. So, also, if a person not personally served, in such supposed case, made full appearance by presenting himself at the time and place fixed for hearing objections and presenting his objections, and all proceedings contemplated by the statute, by and toward him, were had, the object of the personal notice would, as to him, have been accomplished, and as to him the surveyor would have acquired jurisdiction, and the surveyor's proceedings as to such appearing party, therefore, would not be void.

In such cases, where the personal service or the full appearance could be properly shown in the manner required for the showing of the jurisdiction of such an inferior tribunal of limited specified authority, the act of 1897 did not, we think, contemplate rendering the

services therein prescribed for county surveyors, as to particular allotments already thus rendered valid and binding. The entire act of 1897, including its preamble, indicates the intention of the legislature merely to provide for the validating of such allotments as were invalid for want of jurisdiction of the county surveyor over the person, without any expense to the county other than that required to accomplish such end. For services of a county surveyor rendered under color of the authority conferred by the act of 1897, in connection with allotments already in all respects valid by reason of having been made in conformity with the provisions of the act of 1889 as construed by this court in *Beatty* v. *Pruden, supra,* there could properly be no recovery against the county.

The appellee's claim was in the form prescribed by the statute, and the second paragraph of answer did not show a defense to the claim. The judgment is affirmed.