## JENKINS v. LUTZ.

[No. 3,342.    Filed January 24, 1901.]

EVIDENCE.—*Weight.*—A verdict will not be disturbed on the weight of conflicting evidence. *p. 151.*

SAME.—*Contents of Letter.*—*Oral Proof.*—The admission of plaintiff's testimony as to what she wrote defendant in regard to the money sued for, without first accounting for the absence of her letter or laying any foundation for proof of its contents was error. *pp. 151, 152.*

SAME.—*Deposition.*—*Impeachment.*—In the absence of any foundation laid for the impeachment of a witness by asking him questions at the time his deposition was taken, it was error to admit in evidence letters written by such witness to the adverse party containing statements which tended to show that the testimony in his deposition was not true. *p. 152.*

From the Sullivan Circuit Court.    *Reversed.*

*G. W. Buff* and *W. P. Stratton,* for appellant.
*C. D. Hunt* and *J. S. Bays,* for appellee.

ROBINSON, J.—Appellee sued for money had and received. Denying a new trial is assigned as error.

Appellee testified that she was formerly the wife of Leroy Jenkins, appellant's son, that they were married in 1894 and divorced in 1899. In September, 1896, her husband enlisted in the army and went to Ft. Apache, Arizona; after he went she sold some corn at his request, for $70, took the money and went to him the last of September; that she got a position at headquarters and made $30 per month and sent money to appellant out of her earnings; that she went out in September and began work as soon as she got there, sent appellant $12 in January, $20 in February and $25 in March. "I sent money after that but can not tell the dates nor the amounts, but it amounted in all to near $185, he has never paid any of it to me, it is due and unpaid." On cross-examination she testified, "I never sent any money to the defendant direct myself, I let my husband send it," that

she began work as soon as she got out there, wore good clothes and attended parties and dances, most of her clothes she owned when she was married, guessed her husband sent the money to appellant in his own name, sometimes she would write in the same letter with her husband; her husband got only $12 a month until the war, then $15; she gave her husband no money to send until the January following. The amounts given were all she could remember, "but after that I gave my husband money at different times to send to the defendant, the total amount I am unable to state; my husband had no money and was always trying to borrow from me." She further testified on reëxamination that she gave the money to her husband and "told him to send it to the defendant to keep for us and told him to keep it in his name"; that in April, 1899, she saw defendant and demanded the money and he said she could have it whenever she wanted it.

Leroy Land testified that in June, 1898, appellant spoke to witness about appellee sending him money, witness thought he said about $200 and that it was in Aiken's bank and he was keeping it for them.

It is very earnestly argued that this evidence is not sufficient to support a verdict. While the evidence is not very clear yet we are unable to say there is no evidence, from which the jury could make a finding in appellee's favor. The evidence is conflicting and we can not weigh it.

Appellee was asked on her examination in chief, in what she wrote appellant, what, if any, information she gave him about the money. She was permitted to answer the question over appellant's objection that no foundation had been laid to authorize proof of the contents of the letter. The record does not show that any effort whatever was made to lay the foundation for admitting this evidence. The witness answered that she thought she told him "to keep the money for us in Lee's name and wrote to him to put the money out at interest." It is clear this evidence was not upon a col-

lateral matter but went to the substance of appellee's right of action. Its admission was error. *Newton* v. *Donnelly,* 9 Ind. App. 359; *McFadden* v. *Ross,* 14 Ind. App. 312.

In the deposition of Leroy Jenkins he stated that in the year 1896 and the year following he. had sent at different times about $185 to appellant; that the money was his and no part of it belonged to appellee; that appellant had repaid it all; that he asked him for $25 about the 1st of May, 1898, and $100 about the 1st of November, 1898, which appellant sent.

In rebuttal appellee introduced parts of letters written by Leroy Jenkins to her March 26, 1898, May 2, 1898, and May 19, 1898, in which letters he was asking her to send him money. Appellee has not favored us with a brief, but we presume this evidence was permitted to show the improbability of Jenkins's statement in his deposition that he sent the money to appellant. But they were not competent for this purpose. While it is not clear when the last money was sent to appellant, yet from the record it does not appear but that it had all been received before these letters were written. Besides these letters were statements made out of court by one not a party to this suit in the absence of appellant. If they were intended as impeaching evidence the proper foundation should have been laid when the deposition was taken, which was not done nor was any such attempt made. *Loomis* v. *Stevens,* 18 Ind. App. 184; *Eppert* v. *Hall,* 133 Ind. 417.

Judgment reversed, with instructions to grant a new trial.