## McCONNELL ET AL. *v.* RYAN.

[No. 8,243. Filed June 26, 1912.]

1. APPEAL.—*Review.—Weighing Evidence.*—A cause that was tried by a jury is not within the statute (§698 Burns 1908, Acts 1903 p. 338) requiring the court on appeal to weigh the evidence and render such judgment as may seem right and proper. p. 57.

2. APPEAL.—*Review.—Weight of Evidence.—Credibility of Witnesses.*—The fact that appellee's evidence comes almost entirely from appellee and certain relatives, is immaterial in determining the sufficiency of the evidence on appeal, since the court will neither weigh conflicting oral evidence nor determine the credibility of witnesses. p. 57.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Ellen Ryan against James McConnell and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Meade S. Hays,* for appellants.
*St. John, Charles & Gemmill* and *John T. Strange,* for appellee.

HOTTEL, C. J.—Suit by appellee to recover possession of certain real estate, and for damages for the unlawful detention of the same. The cause was tried by a jury, which returned a verdict in favor of appellee for possession, and for damages in the sum of $40.

In presenting this appeal appellants allege error in the overruling of their separate and several motion for a new trial. There is serious doubt whether there has been such a compliance with the rules of this court in the preparation of appellants' brief as to present properly any question for our consideration. However, the only question attempted to be presented is the sufficiency of the evidence to sustain the verdict, and an examination of the record convinces us that this ground of the motion for a new trial is without merit as furnishing a cause for reversal on appeal.

This case was tried by a jury, and is, therefore, not within the statute (Acts 1903 p. 338, §698 Burns 1908) requiring the Appellate Court to weigh the evidence and render

1. such judgment as may seem right and proper. The record discloses evidence strongly supporting the verdict of the jury and amply sufficient to prevent a reversal of the judgment. Appellants suggest that appellee's evi-

2. dence comes almost entirely from herself and certain of her relatives, but that fact has no weight in determining the question before us. This court, on appeal, will not weigh conflicting oral evidence, nor determine the credibility of the witnesses. *Oglebay* v. *Tippecanoe Loan, etc., Co.* (1908), 41 Ind. App. 481, 486, 82 N. E. 494;

*McFadden* v. *Ross* (1896), 14 Ind. App. 312, 319, 41 N. E. 607; *Ketcham* v. *Barbour* (1885), 102 Ind. 576, 26 N. E. 127.

The trial court did not err in overruling the motion for a new trial.

Judgment affirmed, with ten per cent damages.

NOTE.—Reported in 98 N. E. 1004. See, also, under (1) 3 Cyc. 348.